Helen R. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG, sitting as a panel of three.

*Warren J. Borish,* with him *Samuel L. Spear, Meranze, Katz, Spear and Wilderman,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, October 1, 1981:

The Pennsylvania Unemployment Compensation Board of Review denied benefits under Section 402(b) (1) of the Unemployment Compensation Law[1] (Act) and ordered recoupment of compensation paid to Helen Martin.[2] We reverse.

Martin was a cashier with the A & P Company for over 24 years. Being of the misguided perception that her retirement was mandatory at age 65 as specified in the retirement clause of the collective bargaining agreement, she informed her employer in April of 1979 that she would retire the following June, soon after her 65th birthday. The Board affirmed the referee's denial of benefits, holding that Martin voluntarily quit without cause of a necessitous and compelling reason. We disagree.

We note at the outset that there is no evidence in the record to support the Board's finding that "continuing work was available for [Martin] until the company's mandatory retirement age of 70 years."[3] To the contrary, the employer's manager testified that he was unaware of A & P's retirement policy. Moreover,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

[2] 43 P.S. §804.

[3] The Board has conceded this point in its brief, p. 8.

the collective bargaining agreement in effect at the time of Martin's separation contained the following unequivocal language:

It is agreed that it shall be mandatory that each employee covered by this Agreement shall retire the first (1st) day of the month following his or her sixty-fifth (65th) birthday.

An employee who retires under a mandatory retirement policy is not deemed to have left work voluntarily, and is eligible to receive benefits. In such a case, the facts at the time of separation, not the term of a collective bargaining agreement, shall control in determining the eligibility for benefits. *Warner Co. v. Unemployment Compensation Board of Review (Appeal of Gianfelice)*, 396 Pa. 545, 153 A.2d 906 (1959).

The Board proposes that Martin did not have to retire because the mandatory retirement clause was invalid under the Federal Age Discrimination In Employment Act, *as amended*, 29 U.S.C. 621 *et seq.* It is clear we will not condition a claimant's right to receive unemployment compensation benefits on a requirement that the claimant challenge the validity of the labor management agreement.

Martin did not cease work voluntarily. In ignorance of any other option, her retirement was consistent with ordinary common sense and prudence. Martin read the agreement, was told she had to retire by her union representative, and was never told otherwise by anyone from the A & P Company despite the fact that her retirement and causal factor were known by management. The record indicates that Martin had no desire to retire, was both willing, able and available to work and would have continued to do so if not obligated to retire under the terms of the contract. We are convinced Martin fulfilled her duty of preserving the employment relationship.

We reverse the Board's denial of benefits.
Date: October 1, 1981.

### ORDER

The Unemployment Compensation Board of Review order at B-179850, dated January 18, 1980, denying unemployment compensation benefits to Helen R. Martin and ordering the recoupment of $472 is reversed.

Judge WILKINSON, JR., did not participate in the decision in this case.