James E. Link, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

240

Argued February 4, 1982, before President Judge
CRUMLISH and Judges ROGERS and DOYLE, sitting as a
panel of three.

*Clarence D. Bell, Jr.,* for petitioner.

*Charles Donahue,* Associate Counsel, with him
*Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, June 22, 1982:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) which denied benefits and ordered recoupment of compensation paid to James E. Link (Claimant). For the reasons which follow, we reverse and remand.

Claimant was employed by Baldt, Incorporated (Employer) for over twenty-six (26) years prior to his final day of work on September 14, 1979. Pursuant to the Labor-Management Agreement between Claimant's union and Employer, which established normal retirement at age sixty-five (65), Claimant initiated the retirement procedure on or about June 5, 1979. Subsequently, on or about September 10, 1979 (four days before the retirement became effective) Ms.

Pluta, a personnel clerk, informed Claimant, for the first time, that a "change in the law" permitted Claimant to continue his employment to age seventy (70). Since Ms. Pluta was unable to explain the effect of this new law upon the collective bargaining agreement, Claimant sought advice from his union. The union representative assured Claimant that the agreement was valid, and, therefore, employees must retire upon reaching the age of sixty-five (65). Based on this advice, Claimant completed the procedure and entered retirement on September 14, 1979.

Claimant filed an application to receive unemployment compensation benefits, alleging that his mandatory retirement constituted a "necessitous and compelling reason." Employer, however, contended that Claimant's retirement was voluntary since a change in federal law now prohibited the mandatory retirement of persons until age seventy (70). Following a hearing, the referee denied benefits finding that Claimant's retirement was voluntary. This appeal was brought after the Board affirmed the order of the referee.

Claimant's application for benefits was denied because the Board found that his retirement was not mandatory. The Board was convinced that the Employer's comment regarding a "change in the law" constituted sufficient notice that Claimant could continue his employment. We disagree. Although cursory review of the facts herein might result in a decision affirming the Board, the record reveals, upon close inspection, that Claimant was ignorant of his right to continue his employment beyond the age of sixty-five (65).

The Age Discrimination in Employment Act Amendments of 1978 (Act)[1] prohibits the involuntary

---

[1] 29 U.S.C. §§621-634.

retirement of persons less than seventy (70) years of age. The Act provides that "in the case of employees covered by a collective bargaining agreement, . . . the [Act] shall take effect upon the termination of such Agreement or on January 1, 1980, whichever comes first."[2] Claimant was covered by an agreement which established normal retirement at the age of sixty-five (65). During May, 1979, however, Employer and Claimant's union modified portions of the agreement. While the provision concerning normal retirement age was unaffected, and remained in the new agreement, any modification of an agreement operates as a termination for the purposes of determining the effective date of the Act.[3] Thus, as of May, 1979, the Act became effective, thereby prohibiting the involuntary retirement of Claimant.

Although the Act guaranteed Claimant the right to work until the age of seventy (70), we are convinced that the actions of the Employer and the union had the collective effect of denying Claimant the choice to continue his employment. Under the Act, both the Employer and union have the duty to inform employees of their right to continue working past the age of sixty-five (65).[4] Neither the Employer nor the union satisfied this duty. Claimant initiated the retirement procedure in June, with the belief that retirement was mandatory. Even though the Act had become effective in May, the Employer did not inform Claimant of his rights pursuant to the Act.[5] It was not until the following September, four days before Claim-

---

[2] 29 U.S.C. §623.

[3] 46 Fed. Reg. 47728 (1981).

[4] 29 U.S.C. §627.

[5] Our review of the record indicates that the Employer's failure to advise claimant of his rights under the Act was because the Employer was unaware that the Act became effective immediately upon the modification of the labor-management agreement.

ant entered retirement, that a personnel clerk referred to a "change in the law." When the Claimant asked how the Act affected the agreement, the clerk was unable to respond. Consequently, Claimant sought advice from the union. The union representative assured claimant that the agreement required retirement when employees reach the age of sixty-five (65). Considering that the information provided was either incomplete (Employer) or incorrect (Union), we find Claimant entered retirement ignorant of his rights under the Act.

Our decision to reverse the order of the Board is consistent with the result reached in *Martin v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 101, 435 A.2d 282 (1981). In *Martin*, an employee retired due to an apparently unambiguous term in the collective bargaining agreement which required retirement at the age of sixty-five (65). The Board had found that the employee's retirement was voluntary because the Act, which superseded the collective bargaining agreement, gave the employee the right to continue her employment until the age of seventy (70). Although the Board's reasoning was valid, we reversed. As President Judge CRUMLISH explained, "[i]t is clear we will not condition a claimant's right to receive unemployment compensation benefits on a requirement that the claimant challenge the validity of the labor management agreement." *Id.* at 103, 435 A.2d at 284.

Because of the union's poor advice and the Employer's inability to explain the Act, we find that Claimant was ignorant of his right to continue his employment, and entered retirement consistent with ordinary common sense and prudence. Thus we find that Claimant's termination was involuntary, and, therefore, we reverse the decision of the Board.

Accordingly, we enter the following

ORDER

Now, June 22, 1982, the order of the Unemployment Compensation Board of Review at No. B-183876, dated May 7, 1980, denying unemployment compensation benefits to James E. Link and ordering recoupment of $939.00 is hereby reversed and the matter is remanded for the computation of benefits.

Judge MENCER did not participate in the decision in this case.