In the Matter of the Claim of BENJAMIN LESHNER, Appellant. EDWARD CORSI, as Industrial Commissioner of the State of New York, Respondent.

Third Department, December 29, 1944.

*Benjamin M. Goldstein,* attorney for appellant.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

BREWSTER, J. Claimant is the owner of 50% of the capital stock of a business corporation which wholly owns a summer resort hotel and its seventy acres of site in the Catskills. He also owns 25% of the capital stock of another corporation which operates the hotel during the resort season on lease from the owner at annual rental of $12,000. During the summer season claimant is employed as manager of the hotel and receives $2,200 for his services. His wife and children are then also employed there, the wife receiving $500 for her services. The hotel operates for about four months. It is closed the rest of the year. Claimant also receives $150 from the owner corpora-

tion for services to it from April 1st to May 15th on which latter date the hotel customarily opens for business. Upon the closing of the hotel around September 15th, claimant and his family dwell in the village of Monticello, four miles away, and his children there attend public school. During the cessation of the active business of the hotel, claimant has testified he is unable to find any employment for which he is reasonably fitted and he thus claims he becomes unemployed within the meaning of the Act (Labor Law, art. 18) and entitled to the unemployment benefits for which he has applied. The Board has found that he has no sources of income other than as above stated. His additional return, if any, on account of his half ownership of the owner corporation, which has at least a gross income of $12,000 per year, does not appear.

The evidence clearly establishes that in his status as an employee of his corporate enterprises claimant. is in fact a seasonal worker in an occupation of a seasonal nature. However, the provisions of the statute respecting seasonal workers may not bar his application since there is no evidence of determinations by the Commissioner requisite to put them in force. (Labor Law, formerly § 508, now § 595.)

While there is no express requirement in the statute of a dependence upon wages of employment as a condition for the receipt of unemployment benefits, it is significant that " economic insecurity " is mentioned as the *sine qua non* for its enactment. Therein the declaration of public policy pronounces that it was " involuntary unemployment," which, having become a subject of general interest and concern, called the statute forth in order " to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family "; and that, it was considered that the statutory plan of compulsory unemployment insurance could better solve the problem than as " now handled by the barren actualities of poor relief assistance backed by compulsory contribution through taxation." To attain this end for " the public good and the well-being of the wage earners " the statutory machinery was set up " for the compulsory setting aside of financial reserves for the benefit of persons unemployed through no fault of their own." (Labor Law, formerly § 500, now § 501.)

From what is shown as to claimant's ownership, influence in, and connection with his aforesaid corporate enterprises, during the past thirteen years, it is at least fairly inferable that such was the cause of his seasonal employment. Thus there

is an element of, voluntariness on his part in the precipitation of the predicament of his unemployed periods. This element produces a reaction which seems beyond the intended reach of the statute in the light of the evidence presented, or at least it was within the province of the Board to so conclude. From all that appears it is also inferable that his remuneration is, to some extent at least, referable to some supervisory, managerial or caretaking service throughout the part of the year the hotel is closed. Up to five years ago claimant resided in New York City while the hotel was closed and there he obtained some work. Since 1938, when unemployment insurance benefits first became payable, he and his family have dwelt in Monticello and during the vacant hotel period has done no other work. During these periods the evidence indicates that his efforts to obtain work in the city were desultory and seemingly half-hearted. To qualify as one whom the act was designed to assist, in countering the public evil of economic insecurity, it was incumbent upon claimant to show that, for the period for which he claims the benefits, he was totally unemployed in that he had met with a total lack of any employment, including that not subject to the statute, together with a total lack of all compensation (of over three dollars per week), and that all this came upon him through no fault or intended act of his own and that it was in truth and in fact the result of his inability to obtain any appropriate employment notwithstanding that he was capable and available therefor. (Labor Law, formerly § 502, subd. 10, now § 522.) The Board has found upon all the evidence that claimant has failed to establish these qualifications; that during the periods for which he has filed for benefits he was " not genuinely in the labor market." Substantial evidence supports the finding, and the decision appealed from should be affirmed, with costs to the Industrial Commissioner.

All concur.

Decision affirmed, with costs to the Industrial Commissioner.