147 A.2d 912 (1959)
Hazel L. STUDLEY
v.
BOARD OF REVIEW OF DEPARTMENT OF EMPLOYMENT SECURITY et al. and twelve other cases
Eq. Nos. 2643-2655.
Supreme Court of Rhode Island.
January 29, 1959.
*913 Murphy, Morriss & McKenna, Providence, for petitioners.
Marshall B. Marcus, Providence, for respondents.
PAOLINO, Justice.
These are petitions to review the decision of the board of review of the department of employment security in each cause denying the claim of each petitioner for benefits under the provisions of the employment security act, general laws 1956, title 28, chapters 42-44. After a hearing thereon before a justice of the superior court a decree was entered in each cause reversing the decision of the board of review and awarding each claimant employment security benefits. Each cause is before us on an appeal by the department of employment security and the board of review from such decree.
Since the same issues are present in each appeal, the parties have by agreement and for convenience briefed and argued only the appeal of claimant Alice Clegg, and our decision in that cause will apply equally to each of the other causes.
The parties have agreed to the following findings of fact which were made by the board of review:
"Claimant is a school lunch worker. Her job is to aid in the preparation of lunches served to children while at school. This school lunch program is part of an undertaking of the Department of Education of the State of Rhode Island in conjunction with school authorities in various communities throughout the State. Claimant is in the employment of the State of Rhode Island. According to the terms of her hiring, she is required to serve a probationary period. Following the probationary period, she obtains status as a classified worker and is so registered by the Division of Personnel of the Department of Administration of the State of Rhode Island. Claimant works 37½ hours during a five-day week and receives an average weekly pay of $28 to $35. Claimant's term of employment commences with the opening of schools in September and ends with the closing of the schools in June. When the schools close down in June, claimant is required to indicate in writing whether she intends to return on the same job in the fall. The records of the Division of Personnel of the Department of Administration show that when the school closes in June and claimant is no longer working on this program, she is classified as being on `leave without pay  this is not a separation.' Following the shutdown of schools in June, claimant filed for employment security benefits. Claimant takes the position that during the summer months she is fully available for work which she is capable of performing within her employment classification."
In its decision the board of review conceded that school lunch workers are not excluded from coverage by any specific language in the employment security act. Nevertheless, according to its interpretation of the section of the act exempting certain state officers and employees, it held that, on the basis of the findings made by it, school lunch workers are employed on a seasonal basis within the meaning of public laws 1955, chap. 3428, which added sec. 23 (2) (i), now § 28-42-14 (i), and were therefore not entitled to employment security benefits under sec. 23 (I), now § 28-42-13.
The claimant's petition to review the board's decision was heard by a justice of the superior court. After reviewing the facts and the pertinent provisions of the act, he sustained her appeal on the ground that she is not a seasonal worker as the word seasonal is used in § 28-42-14 (i) and therefore is entitled to benefits if otherwise qualified.
*914 The narrow issue before us is whether, in the circumstances of this case, school lunch workers are individuals employed on a seasonal basis within the meaning of § 28-42-14 (i) so as to exclude them from employment security benefits under § 28-42-13. Prior to January 1, 1956, employees of the state were not eligible for such benefits under the act as it then existed. See G.L. 1938, chap. 284, as amended by P.L. 1949, chap. 2175. However, in 1955 the legislature added sec. 23 of the employment security act by the enactment of P.L. 1955, chap. 3428, which provided coverage for state employees with certain exceptions.
Section 23 (1), now § 28-42-13, provides:
"(1) Notwithstanding any inconsistent provisions of this act, the state of Rhode Island and its instrumentalities shall be deemed to be an employing unit, and services performed in the employ of the state of Rhode Island and its instrumentalities shall, on and after January 1, 1956, be deemed to constitute employment subject to this act with the exceptions hereinbelow set forth. Except as herein otherwise provided, all other provisions of this act shall continue to be applicable in connection herewith."
Section 23 (2), now § 28-42-14, excludes certain state officers and employees from the employment security benefits conferred by § 28-42-13, and reads as follows:
"(2) Services Exempt from `Employment' Definition.

For the purposes of this section, the term `employment' shall not include services performed by:
(a) Elected officials;
(b) Officials paid on a fee or per diem basis;
(c) Physicians, dentists, and student nurses in institutions or attached to departments of the government who are employed part time, or any other professional specialists employed on the same basis;
(d) Members of the faculties of state schools, colleges or universities;
(e) Inmates of state institutions who receive compensation for services rendered therein;
(f) All department heads and members of boards and commissions appointed by the governor with or without the consent of one or both branches of the general assembly;
(g) All clerks and judges of the district, superior and supreme courts and all officers and employees of the legislative branch of the state government;
(h) Individuals employed on any work-relief project undertaken by the state;
(i) Individuals employed on a seasonal basis and individuals employed for emergency purposes such as fire fighting, snow removal, flood and hurricane work, and the like;
(j) Individuals in the military service or under the military control of the state."
The board contends in substance that the intention of the legislature in using the words "employed on a seasonal basis" was to exclude from coverage those employees of the state who are hired to perform services which by the nature of the employment are not required to be performed throughout the entire year. It further contends that the legislature intended to make a distinction between employees who work throughout the entire year and become unemployed and other employees who are hired for less than a year and are let go at the conclusion of the need for their employment. It therefore argues that the claimant, having been hired to perform services which were to continue for less than an entire year, was employed on a seasonal basis within the meaning of the *915 exclusionary provision of the act and is not entitled to employment security benefits.
The language of sec. 23 (2) (i) is clear and unambiguous. It provides that "Individuals employed on a seasonal basis and individuals employed for emergency purposes such as fire fighting, snow removal, flood and hurricane work, and the like" are exempt from the benefits of the act. The narrow issue before us is whether school lunch workers, who by the terms of their employment work nine and one-half months of the calendar year, are employed on a seasonal basis within the meaning of sec. 23 (2) (i). In our opinion the legislature used such language with the intention of not excluding from benefits workers who perform their services during a full school year. The nature of their work and the terms of their employment are based upon the school year, so called, and not upon a calendar year. To say that individuals who are hired to work a full school year are employed on a seasonal basis is to put words in the statute which are not there.
A reading of sec. 23 (2) (i), which specifically deals with "Individuals employed on a seasonal basis and individuals employed for emergency purposes" convinces us that the intention of the legislature was to exempt temporary workers, whether the temporary nature of the work was based on the special requirements of the elements of the seasons of the year or on the needs of unforeseen emergencies which compelled the employment of temporary services for the limited duration of the emergency. (italics ours) This intention is supported by the inclusion in the same chapter of sec. 23 (2) (d), which specifically exempts "Members of the faculties of state schools, colleges or universities" from benefits under the act.
It can no longer be said that teaching is a seasonal profession or that teachers are employed on a seasonal basis. It is commonly known that teachers are engaged on an annual contract of hire, notwithstanding the fact that they do not work during the summer months. In our opinion they are excluded by sec. 23 (2) (d) from coverage under the act because they are engaged on an annual contract of hire, and not because their work is limited to a period of less than a full year.
There is no merit in the board's contention that in such cases school lunch workers can work for the school year, collect for the vacation, and continue with such a pattern so long as they are engaged in this type of work for the state. It is well settled that to be qualified for such benefits the unemployed individual must be available for work under the act. Chaharyn v. Department of Employment Security, R.I. 75, 125 A.2d 241.
In our opinion the board's contention, namely, that to provide benefits to such workers is in effect subsidizing their employment or guaranteeing to such workers a supplemental wage in addition to regular wages for a period of inevitable unemployment, is also lacking in merit. This is a question of policy the wisdom of which is not for us to decide. The act is admittedly liberal. There is no doubt that the legislature clearly intended such liberality because it expressly provided in § 28-42-73: "Chapters 42 to 44, inclusive, of this title shall be construed liberally in aid of their declared purpose which declared purpose is to lighten the burden which now falls on the unemployed worker and his family."
We are therefore of the opinion that school lunch workers in the employ of the state, such as in the instant case, are not individuals employed on a seasonal basis within the meaning of sec. 23 (2) (i), and that they are entitled to employment security benefits if otherwise qualified under the act.
The appeal of the respondents in each cause is denied and dismissed, the decrees appealed from are affirmed, and each cause is remanded to the superior court for further proceedings.