496 P.2d 1064 (1972)
In re INTERROGATORIES BY the INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).
No. 72-062.
Colorado Court of Appeals, Div. I.
May 2, 1972.
*1065 Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for Industrial Commission of State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado).
Selected for Official Publication.
DWYER, Judge.
Pursuant to 1969 Perm.Supp., C.R.S.1963, 82-5-11. The Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado) has certified to this court two questions of law involved in a decision it entered in an unemployment compensation case.
The Commission has also certified to this court the record of the proceedings in which the decision was entered. Claimant was employed as a cook at a private school. The school term was nine months, and on June 11, 1971, the school closed for the summer. Claimant then filed her claim for unemployment compensation, and it was initially allowed by a deputy of the Division of Employment. This award was affirmed by a referee who found that claimant "was laid off for lack of work" and that she was entitled to a full award of benefits under C.R.S.1963, 82-4-8(4) (b), during the period of her unemployment, which terminated July 5, 1971, when she found another job.
On appeal, the Commission found that claimant "accepted the job with this employer with the agreement and understanding that the job was for a fixed term of approximately nine months. When the nine-month period ended, the claimant had no job with the employer." On the basis of this finding, the Commission ordered that "no award of benefits" be granted claimant. Claimant did not appeal. The Commission, however, has asked this court to rule on two questions of importance which were involved in its decision.
First Interrogatory:
"Is a claimant for unemployment compensation benefits entitled to such benefits when she accepts a job with the agreement and understanding that it was for a fixed term, when, at the end of such term, the claimant becomes unemployed in accordance with such understanding and agreement?"
Answer: Yes. Assuming that the claimant meets all other requirements for benefits under the Act, neither the fact that claimant was employed for a fixed term nor the fact that claimant agreed and understood that the employment would end at the expiration of the fixed term is a basis for denying claimant benefits under the Act.
Second Interrogatory:

"In the instant case, claimant was advised there was to be no work during the school summer vacation, but there would be renewed work in the fall. In *1066 prior years, she had not applied for benefits, and this year did find new work within twenty day, (sic) after becoming unemployed. Is she entitled to benefits, subject to other eligibility, for the twenty days?"

Answer: Yes.
There are many industries in which it is customary to operate only during a regularly recurring period or periods of less than one year in length. Workers employed in such industries are entitled to benefits under the Unemployment Compensation Act unless their right to such benefits is limited by express provisions in the Act. Thus, it was held in the case of In re Leshner, 268 App.Div. 582, 52 N.Y.S.2d 587, that the manager of a summer resort hotel was not barred from unemployment insurance benefits by the fact that he was a seasonal worker in an occupation of a seasonal nature. In Studley v. Board of Review of Department of Employment Security, 88 R.I. 298, 147 A.2d 912, it was held that a school lunch worker, whose term of employment commenced with the opening of school in September and ended with the closing of school in June, was entitled to employment security benefits if she was otherwise qualified under the Act.
The Colorado Employment Security Act limits the benefits available to workers employed in a "seasonal industry." 1969 Perm.Supp., C.R.S.1963, 82-4-6(1) (a), provides:
"As used in this chapter, `seasonal industry' means an industry or establishment or occupation within an industry in which, because of climatic conditions or the seasonal nature of the employment, it is customary to operate only during a regularly recurring period or periods of less than twenty-five weeks in a calendar year, but any employee of a religious, scientific, educational, or cultural organization, no part of the net earnings of which insures to the benefit of any private shareholder or individual, and whose principal function is performed for an aggregate period of less than thirty-six weeks in any calendar year, is a `seasonal worker' within the meaning of this chapter. . . ." (Emphasis added.)
Neither the facts in the question certified to us nor the facts in the record place claimant within the statutory definition of "seasonal worker."
Claimant's right to benefits under the Act cannot be denied on the basis of any agreement she entered into in connection with her employment. C.R.S.1963, 82-10-1, provides that: "Any agreement by an individual to waive, release, or commute his rights to benefits or any other rights under this chapter shall be void."
SILVERSTEIN, C. J., and SMITH, J., concur.