564 P.2d 132 (1977)
INTERMOUNTAIN JEWISH NEWS, INC., a Colorado Corporation, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Joel P. Goldberger, Claimant, Respondents.
No. 76-766.
Colorado Court of Appeals.
April 28, 1977.
*133 Gelt & Webster, P. C., Richard H. Goldberg, Denver, for petitioner.
J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James M. Downey, Sp. Asst. Atty. Gen., Joel W. Cantrick, Asst. Atty. Gen., Denver, for respondent, Industrial Commission of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado).
No appearance for respondent Joel P. Goldberger.
BERMAN, Judge.
Intermountain Jewish News, Inc., (employer) petitions for review of an order of the Industrial Commission granting claimant, Joel P. Goldberger, a full award of unemployment compensation benefits pursuant to § 8-73-108(4)(a), C.R.S.1973. We affirm the order.
The facts are not disputed. Claimant was hired by the employer on June 11,1975, in the capacity of an advertising salesperson. In mid-July 1975 the parties mutually agreed that claimant's employment would terminate following publication of what was termed the "Sports Issue" on August 8, 1975. Claimant was separated from employment on that date and he thereafter applied for and was awarded full unemployment compensation benefits.
The employer asserts there was insufficient evidence to sustain the finding that claimant was laid off for "lack of work." On the contrary, we find that the evidence is sufficient to sustain this finding.
The employer also asserts that the mutual decision to end claimant's employment on August 8, 1975, necessarily operates to preclude claimant from receiving unemployment compensation benefits. However, the employer does not contend that a particular provision of Article 73, Title 8, C.R.S.1973, disqualifies the claimant, as a matter of law, from receiving unemployment compensation benefits.
The fact that claimant agreed and understood that his employment would end at the expiration of a fixed term is not a basis for denying him benefits under the Colorado Employment Security Act. See In re Interrogatories by the Industrial Commission, 30 Colo.App. 599, 496 P.2d 1064 (1972). "Claimant's right to benefits under the Act cannot be denied on the basis of any agreement [he] entered into in connection with [his] employment." In re Interrogatories, supra. Also, § 8-80-101, C.R.S.1973, provides that: "Any agreement by an individual to waive, release, or commute his rights to benefits or any other rights under [the Colorado Employment Security Act] shall be void." Accordingly, the agreement between the parties could not operate to deprive claimant of unemployment compensation benefits.
*134 The employer also asserts that the transcript of the testimony from the Industrial Commission hearing is so defective that this court cannot properly review the matter. However, the only issue on this appeal is whether the mutual agreement between the claimant and the employer to terminate the employment on a specified date operated to bar claimant from receiving unemployment compensation benefits. Even though there are some omissions in the transcript, its relevant portions are entirely adequate to present that issue. See Almarez v. Carpenter, 173 Colo. 284, 477 P.2d 792 (1970).
The order of the Industrial Commission is affirmed.
PIERCE and STERNBERG, JJ., concur.