**INTERNATIONAL TYPOGRAPHICAL UNION, Employer, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), and Arthur J. Hopkins, Respondents.**

**No. 79CA0404.**

Colorado Court of Appeals, Division II.

Jan. 24, 1980.

Rehearing Denied Feb. 21, 1980.

Certiorari Denied April 14, 1980.

Rector, Retherford, Mullen & Johnson, Leo W. Rector, Colorado Springs, for petitioner.

J. D. MacFarlane, Atty. Gen., Davis W. Robbins, Deputy Atty. Gen., Laura Reilly, David Aschkinasi, Asst. Attys. Gen., Denver, for respondents.

STERNBERG, Judge.

The International Typographical Union seeks review of an Industrial Commission award of full unemployment benefits to Arthur J. Hopkins. We set aside the order.

Hopkins was a member of the International Typographical Union and was employed as a printer by the New York Times for 27 years. In January of 1969, he was elected to a position on the union's board of auditors, which required him to come to Colorado Springs for six weeks in the fall and spring of each year. As a member of the board of auditors he reviewed the union's expenditures and was compensated by the union. In May of 1977, he voluntarily retired from the New York Times, but retained his auditor position. In May of 1978, Hopkins filed an application with the New York State Department of Labor seeking unemployment benefits for the periods of time when he was unemployed in between his periods of work as an auditor for the union. Because he performed his auditing duties in Colorado Springs, his claim was transferred to the Colorado Department of Labor and Employment for determination of eligibility for benefits.

In August of 1978, a decision was rendered finding that Hopkins had been laid off for lack of work and awarding him full benefits under § 8–73–108(4)(a), C.R.S.1973. Upon administrative appeal by the union, on November 27, 1978, the decision was affirmed by an appeals referee who concluded that Hopkins worked as a temporary employee of the union twice a year and that, because lack of continuing work caused him to become separated from his employment on April 28, 1978,[1] he was entitled to benefits under § 8–73–108(4)(a), C.R. S.1973. The union then appealed to the Colorado Industrial Commission where the decision was again affirmed.

We view this case as involving no controverted issues of fact. In order to establish eligibility the claimant must show that his separation from employment was through no fault of his own. Section 8–70–102, C.R. S.1973; *Montano v. Industrial Commission*, 171 Colo. 92, 464 P.2d 518 (1970). The commission's determination that Hopkins' separation from employment resulted from his being laid off because of a lack of continuing work is not supported by the record. The evidence established that Hopkins was

---

1. The appeals referee's conclusion that Hopkins became separated from his employment on April 28, 1978, is inaccurate. Hopkins' spring auditing session did end on that date; however, he testified at a November 9, 1978, hearing in New York that he had audited the union's expenditures again in the fall of 1978. There is no indication in the record as to when his elected term on the board of auditors expires.

employed as a printer on a full-time basis and as an auditor on a temporary basis. As an elected auditor Hopkins worked for six weeks twice a year, returning to his regular job at the New York Times after his services to the union were performed. His unemployment results not from being laid off from his auditor's job, but rather from his voluntary retirement from his job as a printer.

Under § 8–73–108(4)(m), C.R.S.1973, a claimant whose retirement is involuntary may be entitled to unemployment compensation; however, this section does not provide benefits for those whose retirement is voluntary. Thus, the commission's decision cannot be sustained. *Montano v. Industrial Commission, supra.*

Neither *In Re Interrogatories by the Industrial Commission,* 30 Colo.App. 599, 496 P.2d 1064 (1972), nor *Intermountain Jewish News, Inc. v. Industrial Commission,* 39 Colo.App. 258, 564 P.2d 132 (1977), mandate a contrary result. In these cases we held that a claimant's right to benefits under the Employment Security Act could not be denied because of an agreement or understanding that his employment would terminate at a fixed time. Thus, in *In Re Interrogatories by the Industrial Commission, supra,* we held that a cook in a private school, who was employed only during the school year, was entitled to benefits when she could not find summer employment. And, in *Intermountain Jewish News, Inc. v. Industrial Commission, supra,* we held that a newspaper employee who agreed with his employer that his term of employment would end following publication of a particular issue was also entitled to benefits.

The facts of the instant case, however, are significantly different. Here, Hopkins voluntarily retired from his full-time position and continues as a union auditor during designated limited periods of time. Under § 8–70–102, C.R.S.1973, only those persons whose unemployment is involuntary are entitled to benefits. Hopkins is employed for 12 weeks per year; his unemployment during the remainder of the year is not involuntary.

The order of the Industrial Commission is therefore set aside and the cause remanded with directions to dismiss the claim.

ENOCH, C. J., and RULAND, J., concur.