WALKER MANUFACTURING COMPANY, APPELLEE, V. JANICE A. POGREBA, APPELLEE, JOHN R. HANLON, STATE OF NEBRASKA, COMMISSIONER OF LABOR, APPELLANT.

316 N.W.2d 315

Filed February 19, 1982.  No. 44280.

Pamela A. Mattson for appellant.

Robert L. Bals of Nelson & Harding for appellee Walker Mfg. Co.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Appellant, Commissioner of Labor, appeals from the order of the District Court finding that Janice A. Pogreba was ineligible for unemployment benefits for a 7-week period. The District Court reversed the Nebraska Appeal Tribunal's determination of eligibility.

We review the denial for granting of unemployment benefits de novo on the record. *Powers v. Chizek*, 204 Neb. 759, 285 N.W.2d 501 (1979).

The facts are not substantially in dispute. On March 6, 1979, Janice made application for employment with Walker Manufacturing Company. Janice had previously worked for Walker as a temporary worker in the summer of 1978. She completed applications for both temporary and permanent employment. On June 1, 1979, she signed a <u>TEMPORARY EMPLOYMENT AGREEMENT</u>. She was requested in the agreement to state when she expected to leave the employ of Walker, and she did so. Paragraphs 5 and 6 of the agreement provide as follows: "5. That my rate of pay will be <u>$5.07</u> an hour and that my period of employment will end on or about <u>Aug. 10, 1979</u>.

"6. That the exact date of my leaving will be determined later, through discussions between myself and Walker Manufacturing Company, and, will be marked

by written notice of resignation. Such notice will be signed and submitted by me two weeks prior to the last day that I intend to work."

One week prior to August 10, 1979, a representative of Walker spoke with Janice and confirmed that she would leave on August 10, 1979. Although permanent employment positions were available at the time of her leaving, Walker did not inform Janice of the existence of those positions, nor did Janice inquire about any permanent positions which might be available.

The District Court found "that Janice A. Pogreba began and terminated her employment with Walker Manufacturing Company by written agreement. By reason thereof she terminated her employment on or about August 20, 1979, voluntarily and without good cause."

The commissioner argues that the separation from work pursuant to an agreement for employment for a fixed term does not operate to deny a claimant benefits. *In Re Interrogatories*, 30 Colo. App. 599, 496 P.2d 1064 (1972); *Intermt'n Jewish News v. Indust. Comm'n*, 39 Colo. App. 258, 564 P.2d 132 (1977); *Kentucky Unemp. Ins. Com'n v. American Nat. B. & T. Co.*, 367 S.W.2d 260 (Ky. 1963).

Walker, however, asserts that where work of a permanent nature is available, the employee who does not accept such work has voluntarily left employment and is, therefore, disqualified for the statutory period. The argument is not well taken. Janice was not asked to stay on or even informed that work of a permanent character was available. We do not here pass on the situation where a temporary employee, hired for a time certain, is afforded an opportunity to continue employment on a permanent basis but declines it. In this case we are inclined to the view of the Kentucky court that "it is our opinion that a correct interpretation of the statute is that an employee who accepts a job which he knows in advance to be temporary does not voluntarily leave when the job ceases to exist. There is language

in a New Jersey case, *Campbell Soup Company v. Board of Review, etc.*, 13 N.J. 431, 100 A.2d 287, which sustains that view. That Court said that employees frequently take jobs which employers tell them at the time will engage their services for only a stipulated period. But, even so, the voluntary acceptance of such work does not constitute a voluntary leaving at the end of the agreed time." *Kentucky Unemp. Ins. Com'n v. American Nat. B. & T. Co., supra* at 262.

The decision of the District Court is reversed and the cause remanded with directions to enter judgment for the claimant in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON and HASTINGS, JJ., concur in the result.