327 S.E.2d 466

**Susan RHODES**

v.

**Phyllis J. RUTLEDGE, Clerk, etc., et al.**

**No. 16323.**

Supreme Court of Appeals of West Virginia.

March 8, 1985.

Tom Rodd, No. Central Legal Aid Soc., Morgantown, for appellant.

MILLER, Justice:

The Circuit Court of Kanawha County affirmed the decision of the West Virginia Department of Employment Security Board of Review, which held that Susan Rhodes had voluntarily quit her employment, thus disqualifying her from receiving unemployment compensation benefits under W.Va. Code, 21A–6–3. We agree with the claimant that she did not voluntarily quit her employment and, therefore, we reverse the holding of the circuit court.

The claimant worked as a civilian clerk/typist in the Philippines for the United States government, Third Tactical Fighter Wing, from August, 1979 to February, 1982. She was eligible for this position because her husband was in the military and stationed in the Philippines at that time.[1] In March, 1982, the claimant's husband completed his tour of duty and was discharged from the military. After his discharge, he and the claimant, along with their children, returned to their home in Parsons, West Virginia. Since the claimant's employment was contingent upon her husband's military assignment, when he was discharged and returned to the United States, her employment at the Philippine military base automatically terminated.

In May, 1982, after moving back to West Virginia, the claimant filed for unemployment compensation benefits.[2] A deputy for the Department of Employment Security held that the claimant was eligible for benefits, but was disqualified indefinitely for voluntarily quitting her employment. This ruling was reversed on appeal by an

administrative law judge, who held that the claimant was eligible for benefits and was not disqualified. The Board of Review reversed and the circuit court, in affirming the Board of Review's ruling, based its decision upon the voluntary quit provision, W.Va.Code, 21A–6–3(1), the case of *Stone Mfg. Co. v. South Carolina Employment Sec. Comm'n*, 219 S.C. 239, 64 S.E.2d 644 (1951), and the marital quit provision, W.Va.Code, 21A–6–3(6).

The voluntary quit disqualification states in material part that "an individual shall be disqualified for benefits ... [f]or the week in which he left his most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least thirty working days." W.Va. Code, 21A–6–3(1). In applying this provision, the circuit court reasoned that she initially knew her job was to be for a limited duration because it was contingent upon her husband's remaining at the military base. Consequently, when her husband completed his military duty and left the base and she accompanied him, this amounted to a voluntary quit.

This case bears some analogy to *Lough v. Cole*, 172 W.Va. 730, 310 S.E.2d 491 (1983). In *Lough*, the claimant was informed at the time he was hired as a salesman that the company was soon going out of business. Rather than waiting for this to happen, the claimant left his employment and began working for another employer, which ironically also ceased doing business at nearly the same time as the first employer. We rejected the argument that because the claimant knew his job was of a limited duration and left before the employer went out of business, he had voluntarily quit and held in Syllabus Point 2:

"Where an employee left his employment to seek other work because the

---

**1.** It does not appear to be disputed that her work eligibility was dependent upon her husband's being stationed on the military base. The claimant's Form 50, Notification of Personnel Action, characterizes her status as "LOCAL HIRE DEPENDENT."

**2.** Employment subject to the provisions of our Unemployment Compensation Act is defined in

W.Va.Code, 21A–1–3. Our Act covers employment by the United States government and employment outside of this country under certain circumstances. None of the parties in this case have questioned the coverage of the claimant's employment under our Act and we, therefore, do not address the issue.

employer was in the process of going out of business, that employee was not disqualified from receiving unemployment compensation benefits under the provisions of *W.Va.Code*, 21A–6–3(1) [1981], which section states, in part, that an individual shall be disqualified for benefits '[f]or the week in which he left his most recent work voluntarily without good cause involving fault on the part of the employer and until the individual returns to covered employment and has been employed in covered employment at least thirty working days.' "

■ The claimant in the present case continued working as a clerk/typist until she became ineligible for that position, under the terms of her employment, when her husband was discharged from the military. Here it is not the claimant's act of leaving with her husband that is the focal issue. The correct analysis is the availability of the job itself. If a job by virtue of its conditions would be unavailable, then, from a legal standpoint, the employee has not voluntarily quit. As we stated in *State v. Hix*, 132 W.Va. 516, 522, 54 S.E.2d 198, 201 (1949), a voluntary quit is defined as encompassing "the free exercise of the will." *See also Gibson v. Rutledge*, W.Va., 298 S.E.2d 137 (1982). Where, as in the present case, the job is unavailable to the claimant whether she stays or leaves, there is no free exercise of the will and therefore no voluntary quit.

In *Lough*, we cited *Anthony Adams AIA Architect v. Dept. of Employment Sec.*, 139 Vt. 413, 430 A.2d 446 (1981), which held that a claimant who accepts employment of limited duration does not leave that employment voluntarily when the employment terminates as anticipated. This position is clearly the majority view and has some analogy to the present case. *See State Dept. of Industrial Relations v. Montgomery Baptist Hospital, Inc.*, 359 So.2d 410 (Ala.Civ.App.1978); *Cervantes v. Administrator, Unemployment Compensation Act*, 177 Conn. 132, 411 A.2d 921 (1979); *Kentucky Unemployment Insurance Comm'n v. American National Bank & Trust Co.*, 367 S.W.2d 260 (Ky.1963); *Walker Mfg. Co. v. Pogreba*, 210 Neb. 619, 316 N.W.2d 315, 30 A.L.R.4th 1197 (1982);

*Campbell Soup Co. v. Bd. of Review*, 13 N.J. 431, 100 A.2d 287 (1953); Annot., 30 A.L.R.4th 1201 (1984).

■ In a similar vein, it is generally held that an employee who is required to retire, under the terms of his employment, upon attaining a certain age cannot be disqualified under a voluntary quit provision, provided that employee is otherwise eligible to receive unemployment compensation benefits. *See Employment Sec. Comm'n v. Magma Copper Co.*, 90 Ariz. 104, 366 P.2d 84 (1961) (En Banc); *Southwestern Bell Tel. Co. v. Employment Sec. Bd. of Review*, 210 Kan. 403, 502 P.2d 645 (1972); *O'Reilly v. Director of the Div. of Employment Sec.*, 377 Mass. 840, 388 N.E.2d 1181 (1979); *Duval Corp. v. Employment Sec. Comm'n*, 83 N.M. 447, 493 P.2d 413, 50 A.L.R.3d 874 (1972); *State Hosp., Jamestown v. North Dakota Employment Sec. Bureau*, 239 N.W.2d 819 (N.D.1976); *Salzl v. Gibson Greeting Cards, Inc.*, 61 Ohio St.2d 35, 399 N.E.2d 76, 15 Ohio Op.3d 49 (1980); *Link v. Commonwealth, Unemployment Compensation Bd. of Review*, 67 Pa.Commw. 239, 446 A.2d 999 (1982); Annot., 50 A.L.R.3d 880 (1973). We find the foregoing authorities to be persuasive and analogously applicable to the facts in the present case. Therefore, we conclude that the circuit court erred in ruling that the claimant had voluntarily quit her employment when in fact she had become ineligible for her position upon the discharge of her husband from the military.

The decision in *Stone Mfg. Co. v. South Carolina Employment Sec. Comm'n*, 219 S.C. 239, 64 S.E.2d 644 (1951), cited by the circuit court as relevant, is distinguishable from the present case. In *Stone Mfg.*, the claimant left her job to remain with her husband, who had been transferred to a different military base. The Supreme Court of South Carolina held that the claimant had voluntarily quit and, therefore, was disqualified from receiving unemployment benefits. The claimant in *Stone Mfg.* could have remained at her job after her husband transferred to another military base. Here, the claimant did not have this option.

The final ground upon which the circuit court based its ruling is that the claimant

was disqualified under the marital quit provision, W.Va.Code, 21A–6–3(6), which states that an individual shall be disqualified from receiving benefits "[f]or the week in which an individual has voluntarily quit employment to marry or to perform any marital, parental or family duty, or to attend to his or her personal business or affairs and until the individual returns to covered employment and has been employed in covered employment at least thirty working days." This provision is inapplicable because the facts clearly demonstrate that the claimant's employment as a clerk/typist was no longer available to her once her husband was discharged from the military. This is the controlling point of the case.

Therefore, we conclude that where an employee is required to leave his employment because he has become ineligible for that employment, under the terms of his employment, such employee has not voluntarily quit his employment and cannot be disqualified under W.Va.Code, 21A–6–3(1), from receiving unemployment compensation benefits. The decision of the Circuit Court of Kanawha County is reversed and remanded for further action consistent with this opinion.

Reversed and Remanded.

BROTHERTON, J., dissents.