**APACHE CORPORATION, and United States Fidelity & Guaranty Company, Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF COLORADO, and Joseph Franklin Miller, Respondents.**

**No. 85CA0115.**

Colorado Court of Appeals, Div. II.

Jan. 2, 1986.

Rehearing Denied Feb. 13, 1986.

Certiorari Denied April 14, 1986.

Dickinson, Herrick-Stare & Hibschweiler, P.C., Gilbert A. Dickinson, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. Dani Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Comn.

No appearance for respondent Joseph Franklin Miller.

BABCOCK, Judge.

Employer, Apache Corporation, and the insurer, United States Fidelity & Guaranty Company, seek review of a final order of the Industrial Commission awarding claimant, Joseph Miller, permanent total disability benefits. We affirm.

Claimant was a petroleum engineer employed by Apache as manager of production and drilling operations. His job duties consisted of planning, organizing, directing, and controlling all production, drilling, and engineering activities. He testified that he worked 8 to 10 hours per day, five days per week.

On December 21, 1977, claimant arrived at work at 7:45 A.M. and worked on an important report that he was to present at a meeting the following day in Minneapolis. Normally, the report would have been prepared by another employee. However, in this instance, that person was incapable of preparing it.

After completing the report, claimant went to lunch with his secretary and fiancee and began experiencing severe chest discomfort. His fiancee took him to a hospital emergency room where an EKG was performed that indicated normal heart function. He continued to experience pain on the flight to Minneapolis, at a business dinner, and during business discussions

which lasted until 11:30 P.M. that evening. During the night claimant took a cab to a hospital where he was diagnosed as having a heart attack.

Although claimant returned to work part-time he was never able to resume full-time work, and in February 1980, the employer terminated him. In June 1980 claimant suffered another heart attack, underwent coronary bypass surgery, and continues to be unable to work.

The hearing officer found that claimant's heart attack was compensable. He concluded that while claimant's job was tension-packed and stressful, his continuing to work while experiencing a coronary occlusion, constituted unusual exertion.

■ The Industrial Commission, in affirming the hearing officer's order, concluded that the "exertion expended by claimant in the day preceding the heart attack and on the day of the heart attack was unusual in that it involved longer hours than he normally worked, he was under greater stress and pressure to accomplish the task of making out the report."

The employer argues that there is insufficient evidence to support the Commission's conclusion that claimant's heart attack was proximately caused by unusual exertion arising out of and within the course of his employment. We disagree.

Unusual exertion does not require that the work causing the heart attack be different in nature from the employee's usual work. Rather, the employee's activities near the time of the heart attack must be compared with his normal activities in order to determine if the former were unusual. *Claimants in re Death of Kohler v. Industrial Commission*, 671 P.2d 1002 (Colo.App.1983).

Whether the claimant has sustained his burden of demonstrating causation is a question of fact, the determination of which is the prerogative of the finder of facts. *Savio House v. Dennis*, 665 P.2d 141 (Colo.App.1983). Findings of fact are binding on review if supported by evidence

in the record. *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983).

■ Here, claimant testified that he was working on an important report which he would not normally have prepared. He further testified that, although his normal work day was 8–10 hours, on the day of the heart attack he was engaged in work-related activities from early morning through a late evening meeting with his boss in Minneapolis. Substantial evidence, therefore, supports the conclusion that claimant's heart attack was proximately caused by an unusual exertion arising out of and within the course of his employment.

Employer also asserts that the Commission exceeded its fact finding authority under § 8–53–111(7), C.R.S. (1985 Cum.Supp.) by reversing the hearing officer's finding that the day of claimant's heart attack was not unusually stressful as compared to his usual work, and that his work did not require any unusual exertion. Employer argues that the hearing officer's finding was one of evidentiary fact which was supported by substantial evidence and was, therefore, binding on the Commission. We reject this argument.

Section 8–53–111(7), C.R.S. (1985 Cum. Supp.) provides that the hearing officer's findings of "evidentiary fact" may not be altered by the Commission if supported by substantial evidence. However, the statute does not preclude the Commission from altering "ultimate facts." *See City & County of Denver v. Industrial Commission*, 690 P.2d 199 (Colo.1984).

■ Evidentiary facts involve the raw, historical data underlying the controversy and are those facts which are necessary for determination of the ultimate facts. *City & County of Denver v. Industrial Commission, supra.* Ultimate facts, as opposed to evidentiary facts, involve a conclusion of law, or determination of a mixed question of law and fact and settle the rights and liabilities of the parties. *City & County of Denver v. Industrial Commission, supra.*

■ Applying these principles here, we conclude that the Commission's finding that claimant's activities during the day in question constituted unusual exertion is one of ultimate fact.

■ Employer next contends that the evidence is insufficient to support a finding of total disability after claimant's first heart attack. We disagree.

The Commission's finding that claimant was totally and permanently disabled as of February 1, 1980, is supported by claimant's testimony that he was unable to work after that time. This finding is also supported by claimant's treating physician who opined that claimant was 100% disabled as of February 1, 1980, because of the first heart attack. Where, as here, the Commission's findings are supported by substantial evidence, they are binding upon review. *See Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App. 1981).

Employer finally argues that there is no evidence to support an award of medical benefits without a finding that the medical expenses were all attributable to claimant's original heart attack. This issue was raised for the first time in the petition for review in this court, and therefore, we will not consider it. *See Hernandez v. Industrial Commission*, 659 P.2d 58 (Colo.App. 1983).

Order affirmed.

SMITH and STERNBERG, JJ., concur.