**SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER, Petitioner,**

v.

**Susan A. FREDRICKSON, the Industrial Claim Appeals Office of the State of Colorado, Division of Employment and Training, Respondents.**

**No. 90CA908.**

Colorado Court of Appeals,
Div. III.

May 9, 1991.

Semple & Jackson, P.C., Franklin A. Nachman, Denver, for petitioner.

Law Office of George C. Price, George C. Price, Donald K. Gallagher, Denver, for respondent Susan A. Fredrickson.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, First Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office, Div. of Employment and Training.

Opinion by Judge TURSI.

School District No. 1, City and County of Denver, employer, seeks review of a final order of the Industrial Claim Appeals Office (Panel) which granted unemployment

benefits to Susan A. Fredrickson, claimant, pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). We affirm.

A hearing was held pursuant to the Teacher Employment, Dismissal, and Tenure Act of 1967, § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9), as then in effect, concerning incidents in which claimant, a teacher, had allegedly used physical force in disciplining students. In his findings of fact and recommendation, the administrative law judge recommended that claimant be terminated for, among other reasons, insubordination. The board of education adopted the administrative law judge's findings and recommendation and terminated claimant.

At the hearing on unemployment compensation, the referee found that:

"Although the entire faculty in the claimant's school was advised never to use physical means to discipline students, the Denver Public Schools District Policy ... dealing with student contact and discipline, provides that 'teachers may use reasonable force as is necessary to protect themselves from an assault or to prevent an assault upon other students.' In addition, Policy ... further provides that teachers have the authority 'to use reasonable and prudent force in restraint for the purposes of maintaining order and for safeguarding the persons of students and school employees.'

. . . .

"[T]he claimant reacted in surprise after being struck in the back by an unknown person. It is reasonable that the claimant would seek to establish which student, if any, struck the claimant in the back during a classroom session. Because the incident for which the claimant was discharged involved an exercise of reasonable and authorized discretion on the part of the claimant, the claimant is not at fault for this separation. Therefore, a full award of benefits is in order."

Employer contends the Panel erred in not disqualifying claimant from the receipt of benefits. Alleging that the definitions of insubordination are essentially the same in both the Teacher Tenure Act and the Colorado Employment Security Act, § 8–70–101, et seq., C.R.S. (1986 Repl.Vol. 3B), employer argues that the referee in the unemployment benefits hearing should have placed greater weight on the results of the teacher tenure proceedings and disqualified claimant pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B) (insubordination). We disagree.

■ Whether an employee's conduct should disqualify the employee from receiving unemployment compensation benefits is an issue quite distinct from the question of whether the employee was discharged in accordance with particular employer-generated guidelines. A violation of an employer's disciplinary rule does not per se require denial of unemployment benefits. See Gonzales v. Industrial Commission, 740 P.2d 999 (Colo.1987).

The Employment Security Act delegates to the Panel the responsibility of applying the standards adopted by the General Assembly to determine whether, under all the circumstances of the case, a particular separation from employment shall result in an award of benefits. See Gonzales v. Industrial Commission, supra.

■ In an unemployment proceeding, the hearing officer is required independently to assess the evidence entered at the hearing and reach his own conclusion as to the reason for a claimant's separation from employment. The hearing officer is required to make his own conclusions as to the probative value of the evidence, the credibility of witnesses, and the resolution of any conflicting testimony. See In re Claim of Krantz v. Kelran Constructors, Inc., 669 P.2d 1049 (Colo.App.1983).

■ Moreover, in so doing, the hearing officer is not bound by determinations of any other agency, administrative body, or forum which is not required to make its decisions under the Employment Security Act. See § 8–74–108, C.R.S. (1990 Cum. Supp.); Colorado Springs v. Industrial Commission, 749 P.2d 412 (Colo.1988).

■ Employer also contends that the evidence would have supported a disqualifica-

tion of claimant from benefits pursuant either to § 8–73–108(5)(e)(VI) (insubordination) or § 8–73–108(5)(e)(VII), C.R.S. (1986 Repl.Vol. 3B) (violation of a company rule which could have resulted in serious damage to employer's interests), and it concludes that, therefore, the Panel erred in not disqualifying her pursuant to one of these sections.

However, even if the evidence arguably might support the application of more than one section of the Employment Security Act, nevertheless, the Panel has wide discretion in determining which section it will apply. If, as here, its decision is supported by substantial evidence and the inferences which may be drawn therefrom, that decision will not be disturbed on review by this court. *See Colorado State Judicial Department v. Industrial Commission,* 630 P.2d 102 (Colo.App.1981).

Order affirmed.

CRISWELL and PLANK, JJ., concur.