**GOODWILL INDUSTRIES OF COLORADO SPRINGS, a Not–For–Profit Colorado Corporation, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado, The Division of Employment and Training, and Marcus P. Anderson, Respondents.**

**No. 93CA0457.**

Colorado Court of Appeals, Div. I.

Oct. 21, 1993.

Frank A. Natchez, P.C., Frank A. Natchez, Colorado Springs, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent, Indus. Claim Appeals Office and The Div. of Employment and Training.

. No appearance for respondent Marcus P. Anderson.

Opinion by Judge ROTHENBERG.

Petitioner Goodwill Industries (employer) seeks review of a final order of the Industrial Claim Appeals Panel which awarded unemployment compensation benefits to respondent Marcus P. Anderson (claimant). We affirm.

## I.

Employer contends that the hearing officer abused his discretion in failing to admit into evidence documentation concerning prior written warnings claimant had received concerning his job performance. We disagree.

Department of Labor and Employment Regulation 11.2.9.4, 7 Code Colo.Reg. 1101–2, provides, in relevant part:

> An interested party to a telephone hearing must submit to the referee any documents, or any subpoenaed documents, he intends to introduce at the hearing in time to ensure that the referee receives the documents before the date of the scheduled hearing. Prior to the date of the scheduled hearing, such party must also provide copies of all documents sent to the referee to any other interested party to the hearing or that ... party's representative. All documents submitted to the referee will be identified on the record. *Failure to provide both the referee and the opposing party or such party's representative with copies of such documents may result in their exclusion from the record.* (emphasis added)

The notice of telephone conference sent to claimant and employer stated in pertinent part:

> 1. DOCUMENTS
>
> ... If either the claimant/employer is participating by telephone, copies of the documents must be mailed IMMEDIATELY to the referee and the claimant/employer....

Failure to provide both the referee and opposing party(ies) or such party's representative with copies of such documents may result in their exclusion from the record.

Department of Labor and Employment Regulation 11.2.9, 7 Code Colo.Reg. 1101–2, provides, in pertinent part, that an interested party may not present evidence of factual issues at the hearing unless the opposing party has been provided notice of the issue as shown by the claims file. New factual issues may be raised only if the interested party proves "good cause" for its failure to provide proper notice of the factual issue. The notice of telephone conference contained an advisement of this portion of Regulation 11.2.9.

■ Here, employer attached to its notice of appeal from the deputy's decision copies of prior written disciplinary actions against claimant. The hearing was conducted telephonically. At the conclusion of employer's evidence, employer attempted to introduce into evidence copies of the disciplinary actions. However, the hearing officer refused to admit the documents into evidence because the employer had failed to provide copies of the disciplinary actions to the claimant as required by Regulation 11.2.9.4 and the notice of hearing.

Employer argues this was an abuse of the hearing officer's discretion because it showed good cause for admission of the documents. In support of this argument, employer asserts the documents were necessary: (1) to rebut claimant's defense that he had a reading and writing disability; (2) to show that claimant was on notice his job was in jeopardy; and (3) to show that claimant was terminated for insubordination pursuant to employer's progressive disciplinary policy, which employer argues, constituted grounds for claimant's disqualification from benefits.

In support of its claim of good cause, employer cites to the notice of hearing advisement explaining the "good cause" portion of Regulation 11.2.9. However, the employer mistakenly relies on Regulation 11.2.9. The issue here was not whether new factual issues could be raised by either employer or claimant pursuant to a showing of good cause. Rather, the issue was whether employer had properly provided the documentation to claimant pursuant to Regulation 11.2.9.4 so as to warrant the submission of the documents into evidence. Therefore, the employer's argument lacks merit.

■ Even if we assume the documents should have been admitted based upon the fact that the documents were attached to the employer's notice of appeal, a copy of which presumably was sent to the claimant, we nevertheless find no reversible error. Here, the record reflects that the hearing officer questioned claimant extensively about the substantive contents of the documents and the employer was not prevented from presenting testimony, either through examination of its own witnesses or of claimant, concerning the documents.

■ We also reject the employer's argument that the documents were necessary to prove claimant did not suffer from a disability or to show claimant had been terminated pursuant to notice and employer's progressive disciplinary policy. The record reflects that employer presented testimony concerning claimant's reading disability and was not prevented from presenting additional testimony about this issue either through its own witnesses or through claimant.

We do not address employer's next argument that the hearing officer abused his discretion in failing to impose a less severe sanction. This issue was not raised before the hearing officer or the Panel and, thus, was not preserved for our review. *Apache Corp. v. Industrial Commission*, 717 P.2d 1000 (Colo.App.1986).

II.

■ Because of an apparent machine malfunction, approximately twelve minutes of the hearing could not be transcribed. Employer argues that the record is so defective because of that missing portion of the transcript that the case must be re-

manded either for completion of the record or for a de novo hearing. We disagree.

■ Even if there are some omissions in the transcript, if the relevant portions of the transcript are sufficient to allow review of the dispositive issues on appeal, the record is not insufficient to permit review. *See Intermountain Jewish News, Inc. v. Industrial Commission*, 39 Colo.App. 258, 564 P.2d 132 (1977).

Here, at the point where the tape was unable to be transcribed, claimant's supervisor was testifying about prior warnings claimant had received about his job performance. However, the supervisor already had testified concerning the final incident which led to claimant's discharge. And, even though employer's witnesses were testifying at the time of the tape malfunction, employer has failed to set forth the nature of the testimony it believes is missing from the record and the reason why the failure to have this testimony included for review is prejudicial to its case. *See Intermountain Jewish News, Inc. v. Industrial Commission, supra.*

### III.

Employer finally contends that the hearing officer erred in awarding claimant unemployment compensation benefits. Employer argues, in essence, that because claimant was terminated for insubordination pursuant to employer's progressive disciplinary policy, he should have been disqualified from the receipt of benefits for insubordination. Employer further argues that its evidence was more credible than claimant's and that the hearing officer erred in not resolving the conflicting evidence in its favor and disqualifying claimant accordingly. We find no reversible error.

■ Whether an employee's conduct should disqualify the employee from receiving unemployment compensation benefits is an issue quite distinct from the question of whether the employee was discharged in accordance with particular employer-generated guidelines. A violation of an employer's disciplinary rule does not per se require denial of unemployment benefits. *Gonzales v. Industrial Commission*, 740 P.2d 999 (Colo.1987).

■ In an unemployment proceeding, hearing officers are required independently to assess the evidence entered at the hearing and reach their own conclusion as to the reason for a claimant's separation from employment. Hearing officers are required to make their own conclusions as to the probative value of the evidence, the credibility of the witnesses, and the resolution of any conflicting testimony. *School District No. 1 v. Fredrickson*, 812 P.2d 723 (Colo.App.1991).

■ Even if the evidence arguably might support the application of more than one section of the Employment Security Act, nevertheless, hearing officers have wide discretion in determining which section is applicable. If the decision is supported by substantial evidence and the inferences which may be drawn therefrom, the hearing officer's decision will not be disturbed on review by this court. *School District No. 1 v. Fredrickson, supra.*

■ Here, the hearing officer considered and made findings concerning the various factors leading up to claimant's separation from employment, including his prior disciplinary actions and his reading and writing disability. The hearing officer implicitly determined that the proximate cause of claimant's separation was employer's dissatisfaction with his conduct in response to the instruction that he assist a customer in loading some furniture. However, after consideration of the totality of the circumstances, the hearing officer found that claimant was not responsible for his separation.

Since these findings are supported by substantial, although conflicting, evidence, and the permissible inferences which may be drawn therefrom, we thus may not disturb them. *Jones v. Industrial Commission*, 705 P.2d 530 (Colo.App.1985); *see School District No. 1 v. Fredrickson, supra.*

The hearing officer's findings support the conclusions that claimant was not at fault for his separation and therefore was entitled to benefits pursuant to § 8–73–108(4), C.R.S. (1986 Repl.Vol. 3B). *See Santa Fe Energy Co. v. Baca,* 673 P.2d 374 (Colo.App.1983).

The findings would also support the conclusion that claimant did not deliberately or willfully refuse to obey the employer's instruction. *See Beatty v. Automatic Catering, Inc.,* 165 Colo. 219, 438 P.2d 234 (1968). Thus, contrary to employer's argument, there was no error in the hearing officer's failure to disqualify claimant for insubordination pursuant to § 8–73–108(5)(e)(VI), C.R.S. (1986 Repl.Vol. 3B).

We note that employer has attached documentation to his opening brief which was not included in the record before the hearing officer. We may not consider this supplemental evidence, as we are limited on review to the evidence in the record before the hearing officer. Section 8–74–107(1), C.R.S. (1993 Cum.Supp.).

The order is affirmed.

PIERCE and CRISWELL, JJ., concur.