QFD ACCESSORIES, INC., Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Kimberly A. Turbyne, Respondents.

No. 93CA0510.

Colorado Court of Appeals, Div. III.

Dec. 16, 1993.

Rehearing Denied March 31, 1994.

Thomas H. May, Denver, for petitioner.

No Appearance for respondent Industrial Claim Appeals Office.

No Appearance for respondent Kimberly A. Turbyne.

Opinion by Judge PLANK.

QFD Accessories, Inc. (employer) seeks review of a final order of the Industrial Claim Appeals Panel which awarded unemployment compensation benefits to Kimberly A. Turbyne (claimant) pursuant to § 8–73–108(4)(o), C.R.S. (1986 Repl.Vol. 3B). We affirm.

I.

Employer contends that the evidentiary findings are not supported by substantial,

credible evidence. Employer argues, in essence, that its evidence was more credible than claimant's and that the hearing officer should have resolved the conflicting evidence in its favor and disqualified claimant from the receipt of benefits. We disagree.

Here, claimant testified that employer's vice-president continually made comments of a sexual nature to her against her wishes and that this conduct caused her to resign her job. Employer's witnesses denied claimant's allegations. The hearing officer, in resolving the conflicting evidence, implicitly found claimant's testimony to be more credible.

■ The hearing officer is required independently to assess the evidence to resolve conflicts and to determine the credibility of witnesses and the probative effect of the evidence. *School District No. 1 v. Fredrickson,* 812 P.2d 723 (Colo.App.1991). And since, contrary to employer's implicit argument, claimant's testimony was not incredible as a matter of law, *see Halliburton Services v. Miller,* 720 P.2d 571 (Colo.1986), we may not disturb the hearing officer's evidentiary findings. *See School District No. 1 v. Fredrickson, supra; Jones v. Industrial Commission,* 705 P.2d 530 (Colo.App.1985).

## II.

■ Employer also contends that the hearing officer erred in admitting into evidence claimant's personal diary which included entries concerning the incidents of alleged harassment. Employer argues that the hearing officer should have required claimant to disclose the document prior to the hearing to allow employer an adequate opportunity to prepare to rebut it. Employer further argues that the hearing officer's failure to do so denied it a fair hearing. We find no reversible error.

The rules of evidence are somewhat relaxed in unemployment compensation hearings. *See* § 8–74–106(1)(f)(II), C.R.S. (1986 Repl.Vol. 3B). Neither the statutes nor the regulations contain a requirement for parties to exchange documents prior to a hearing which is to be conducted in person. *Cf.* Department of Labor & Employment Regulation 11.2.9.4, 7 Code Colo.Reg. 1101–2 (doc-

uments for telephone hearing must be exchanged prior to the hearing or they may not be admitted into evidence). Furthermore, the standard notice of hearing specifically informs the parties to bring with them to the hearing any documents or written materials which they wish to have considered in the hearing.

Here, employer claimed that a different hearing officer, at a prior hearing, told the parties to exchange copies of any documentation they wished to present at the hearing prior thereto. However, claimant's attorney objected to this characterization of the hearing officer's comments. And, there was no notation of any such hearing officer directive in the record.

Each of the several notices of hearing sent to employer, including the notice setting the date of this hearing, contained the advisement that the parties should bring any documents they wished to have considered to the hearing.

Furthermore, when employer objected to claimant's testimony about the contents of the exhibit at issue, the hearing officer provided employer with an opportunity to review it. Additionally, when employer objected to the admission of the document, the hearing officer offered employer additional time to review the document, which employer declined. At no time did employer request a continuance or adjournment of the hearing to allow it further time to prepare for cross-examination or rebuttal on the exhibit. *See* Department of Labor and Employment Regulations 11.2.11 and 11.2.12, 7 Code Colo.Reg. 1101–2. We note that employer appeared at the hearing without counsel.

Given these circumstances, we are not persuaded that employer was denied a fair hearing or that the hearing officer abused his discretion in admitting the diary.

## III.

■ We decline to address employer's contentions that claimant procured her award through fraud and that the evidence did not support the determination that claimant was harassed by her "employer." Neither of these arguments was raised before

the Panel, and therefore, neither was preserved for our review. *See Apache Corp. v. Industrial Commission,* 717 P.2d 1000 (Colo. App.1986).

Order affirmed.

METZGER and HUME, JJ., concur.