## COLORADO COMPENSATION INSURANCE AUTHORITY, Petitioner,

v.

## The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Subsequent Injury Fund; City of Fort Collins (Self–Insured); and Ronald Gonzales, Respondents.

No. 94CA0299.

Colorado Court of Appeals, Div. I.

Sept. 22, 1994.

Paul Tochtrop, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for respondent Indust. Claim Appeals Office.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jill M.M. Gallet, Asst. Atty. Gen., Denver, for respondent Subsequent Injury Fund.

Fischer, Brown, Huddleson & Gunn, P.C., Stephen J. Jouard, Fort Collins, for respondent City of Fort Collins (Self–Insured).

No appearance for respondent Ronald Gonzales.

Opinion by Judge METZGER.

Petitioner, Colorado Compensation Insurance Authority (CCIA), appeals from the order of the Industrial Claim Appeals Office apportioning medical benefits for the claimant, Ronald Gonzales, between the petitioner and the City of Fort Collins as a self-insured employer. We affirm.

While employed by the City of Fort Collins when it was insured by CCIA, the claimant sustained an admitted industrial injury resulting in permanent partial disability. He continued his employment with the City, and, after the City had become self-insured, he sustained a second industrial injury. He underwent two surgeries, reached maximum medical improvement, and has ongoing medical expenses.

In 1992, a permanent total disability award was apportioned between the City of Fort Collins as self-insured and the Subsequent Injury Fund (SIF). The Administrative Law Judge (ALJ) also determined that the claimant was entitled to continued medical benefits pursuant to *Grover v. Industrial Commission*, 759 P.2d 705 (Colo.1988), with the issue of the amount and apportionment of medical benefits reserved for later decision.

When the ALJ reached the issue of medical benefits, he apportioned them between CCIA and the City of Fort Collins as self-insured. CCIA sought review of this ruling, arguing first that the law of the case was that it had no liability under the 1992 decision and second, if any apportionment of medical benefits was appropriate, the apportionment should be between the SIF and the self-insured employer.

The Panel concluded that CCIA had waived affirmative defenses by failure to plead them and that, because the 1992 order did not address medical benefits but expressly reserved them for later decision, they were properly decided in the subsequent order. The Panel also concluded that medical benefits are not included within the compensation to be paid by the SIF due to a subsequent injury, so that medical benefits were properly apportioned. This appeal followed.

## I.

CCIA contends that the Panel erred in apportioning medical expenses between it and the City of Fort Collins as the subsequent self-insured employer. It argues that, under § 8–46–101, et seq., C.R.S. (1994 Cum. Supp), the SIF is obligated to pay any compensation due to a claimant in excess of the proportionate share of the subsequent employer. In so arguing, CCIA construes the statutory language to include medical benefits in addition to disability compensation. We are not persuaded.

The primary goal of statutory construction is to carry out the intent of the General Assembly. Section 2–4–212, C.R.S. 1980 Repl.Vol. 1B); *Charnes v. Boom*, 766 P.2d 665 (Colo.1988). To discern legislative intent, the court must first look to the statutory language. *People v. Warner*, 801 P.2d 1187 (Colo.1990). The statute must be read as a whole, with words and phrases given their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

To interpret a comprehensive legislative scheme, the court must give meaning to all portions of the scheme and construe the provisions to further the legislative intent. *A.B. Hirschfeld Press, Inc. v. Denver*, 806 P.2d 917 (Colo.1991). Strained or forced constructions of statutes are disfavored. *Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo.1991).

Section 8–46–101(1)(a), C.R.S. (1994 Cum. Supp.) provides:

> In a case where an employee has previously sustained permanent partial industrial disability and in a subsequent injury sustains additional permanent partial industrial disability and it is shown that the combined industrial disabilities render the employee permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment, then the employer in whose employ the employee sustained such subsequent injury shall be liable only for that portion of the employee's industrial disabil-ity attributable to said subsequent injury, and *the balance of compensation due such employee on account of permanent total disability* shall be paid from the subsequent injury fund as is provided in this section. (emphasis added)

Here, the plain language of the statute shows that compensation paid by the SIF is qualified by the phrase "due ... on account of permanent total disability." An award for permanent total disability is established in § 8–42–111, C.R.S. (1994 Cum.Supp.), and does not include any ongoing medical benefits. Thus, the statutory language for apportioning compensation between an employer and the SIF does not include medical benefits.

There is nothing in the statutory scheme which existed before the decision in *Grover v. Industrial Commission, supra*, to indicate that the General Assembly intended that the SIF should bear responsibility for medical costs in addition to disability compensation. Nor have the amendments to the statutory scheme since the decision in *Grover* addressed the issue. Therefore, we conclude that the General Assembly did not intend that the SIF pay medical expenses.

## II.

We will not consider the contention that the award of medical expenses can be applied prospectively only because this issue is raised for the first time in this appeal. *See Apache Corp. v. Industrial Commission*, 717 P.2d 1000 (Colo.App.1986).

Order affirmed.

STERNBERG, C.J., and RULAND, J., concur.