**Leonard GEBHART, Plaintiff Below, Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD and Union Wholesale Company, Defendants Below, Appellees.**

Supreme Court of Delaware.

July 25, 1972.

Harvey B. Rubenstein, Wilmington, for appellant.

James P. Collins, of Metten, Healy & Collins, Wilmington, for Union Wholesale Co.

WOLCOTT, Chief Justice.

This is an appeal from a judgment of the Superior Court affirming the decision of the Unemployment Insurance Appeal Board denying unemployment compensation benefits to the appellant.

The facts are that the appellant is a carpenter who, in the past, has worked for Union Wholesale Company for three separate periods. He is a member of Local No. 626 of the carpenters' union. He was assigned by the union to various construction jobs and was in fact working following such an assignment for Union Wholesale Company on May 31, 1971 when Local No. 626 called a strike against Union Wholesale Company. The appellant at

**732**

that time voluntarily left his employment with Union Wholesale Company.

On June 14, 1971, Local No. 626 referred appellant to Standard Acoustical Co. and he went on that company's payroll and worked for 21 hours over a three-day period, at which time he was laid off due apparently to the termination of the contract.

The appellant then applied for unemployment insurance compensation benefits which ultimately were denied by the Appeal Board and was affirmed by the Superior Court from which judgment he appeals.

While the factual circumstances are somewhat different, we nevertheless agree with the Superior Court that this matter is governed by E. I. duPont deNemours & Co. v. Dale, Del.Supr., 271 A.2d 35 (1970). In the *Dale* case a three-year carpenter apprentice employed by duPont Company voluntarily left his employment when the local union called a strike against the duPont Company. A few days later he was employed for a short period of time as a carpenter by another company, and was laid off after a short period of work. This Court held that to grant unemployment insurance benefits to Dale would be to permit the unemployment fund created by the Unemployment Compensation Law (19 Del. C. Ch. 33) to be used to finance labor disputes contrary to the underlying policy of the law denying unemployment compensation to persons who voluntarily leave their employment by reason of a labor dispute. Such an award would be in violation of 19 Del.C. § 3315(4). See, also, In re Hatch, Vt.Supr., 290 A.2d 180 (1972).

While we have noted that there are some minor factual differences between the case at bar and the *Dale* case, we nevertheless are of the opinion that it is controlling, and consequently agree with the rationale of the Letter Opinion of the Court below disposing of this matter.

The judgment below is affirmed.