**WILMINGTON COUNTRY CLUB, a Delaware corporation, Petitioner-Below, Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD and Richard W. Lacey, Defendants-Below, Appellees.**

Supreme Court of Delaware.

Jan. 16, 1973.

Reargument Denied Feb. 6, 1973.

Theodore F. Sandstrom, Wilmington, for appellant.

Jay H. Conner, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal from the Superior Court's affirmance of the Unemployment Insurance Appeal Board's decision.

The appellant Wilmington Country Club maintained a list of available bartenders from which, when special occasions created a need, the Club would select additional bartenders for the occasion. The claimant, appellee, was employed in this manner on half a dozen occasions, earning a total of $77 over a period of a year. At no time was he a regular full or part-time employee of the Club.

The Superior Court held that claimant's sporadic work with the Club constituted "employment" under the provisions of 19 Del.C. § 3302(10). It then concluded that since the Club was an employing unit under 19 Del.C. § 3341, its account was properly surcharged for the involuntary severance of claimant from his employment. In so holding, the Court expressly refused to consider the disqualification provisions found in 19 Del.C. § 3315.

The employer's rate of contribution to the account is directly related to the amount of benefits paid to its employees. Consequently, it is necessary to determine whether a claimant is properly eligible for benefits before an employer's account can be surcharged.

Eligibility for benefits is determined by 19 Del.C. § 3314; however, certain disqualifications from eligibility are provided in 19 Del.C. § 3315. Among them is 19 Del.C. § 3315(1) which disqualifies any employee who leaves his employment "voluntarily without good cause".

■ The nature of claimant's work for the Club was such that he left his employment voluntarily. When claimant accepted employment, he was aware that it was for a specific, limited duration. We think the acceptance of employment under these conditions amounted to voluntary termination of the employment at the expiration of the limited occasion. Furthermore, we think it is plain that such voluntary termination was without "good cause". See White v. Review Bd., 114 Ind.App. 383, 52 N.E.2d 500 (1944). Therefore, we conclude that claimant was ineligible for benefits.

Since the claimant was ineligible for benefits, it follows that it was improper to surcharge the Club's account.

The Court below further erred in its application of 26 U.S.C. § 3304.* This Federal statute pertains to certification of state unemployment compensation plans by the Secretary of Labor. Under the Federal Unemployment Tax Act, employers may receive credit for unemployment taxes paid into state plans certified by the Secretary. 26 U.S.C. §§ 3301, 3302.

■ There is no doubt that the Delaware and Federal unemployment taxes are complementary. However, each was enacted by a distinct legislative body, and either tax can exist and function without the other. Quality Coal Co. v. United States, W. D.Ark., 66 F.Supp. 105 (1946). We feel, in this instance, that it is error to construe our statute on the basis of the independent legislative determination made by the Congress. Cf. Wilmington Housing Authority v. Nos. 401, 403, 405 E. Seventh St., Del. Supr., 195 A.2d 392 (1963).

By reason of the foregoing, the judgment of the Superior Court is reversed.

---

* In its Letter Opinion, the Court below wrote that "[section 3304] does not conflict with any portion of the Delaware Unemployment Tax Act, and can be considered by the Board in construing our statutes."