**Francis A. GRIER, Plaintiff Below, Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD and C. F. Braun Company, Defendants Below, Appellees.**

Supreme Court of Delaware.

March 28, 1973.

Harvey B. Rubenstein, Wilmington, for plaintiff below, appellant.

Jay H. Conner, Wilmington, for Unemployment Insurance Appeal Board, defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice:

In this unemployment compensation case, the question is whether the new employment involved was sufficient to remove the disqualification for unemployment benefits resulting from a voluntary leaving of prior employment without good cause. See 19 Del.C. § 3315(1).* The Unemployment Insurance Appeal Board ruled that the new employment did not terminate the prior disqualification because it was "temporary". Upon appeal by the employee, the Superior Court affirmed. See 303 A.2d 683. This further appeal by the employee followed.

The following facts are uncontroverted:

The employee was a bricklayer by trade. He voluntarily left the prior employment as a pipefitter, at which he was temporarily working "out of his trade" on a permit issued by the Pipefitter's Union. The employee left that job at the request of the Pipefitter's Union.

Shortly thereafter, the Bricklayer's Union assigned the employee to a job on a construction project which was intended to last until the brick work on the project was completed. On the employee's first day of work, a problem developed with the steel for the project, as the result of which the brick work was indefinitely stopped. As the last man hired, the employee was the first dismissed. For that reason, his employment lasted only one day.

■ The evidence supports but one conclusion: the new employment was un-

dertaken by the employee in good faith, contemplating an indefinite term of regular employment. This was correctly adopted by the Appeal Board as the applicable test for terminating a prior disqualification. The difficulty is that the Board failed to apply the test correctly to the evidence in the case. There is no evidence that the employee or the new employer acted in bad faith, or that the employment was anything but actual and regular at its inception. There is no evidence that the employee had any control over the circumstances which resulted in the new employment being limited to the first day. The ultimate brevity of the employment, alone, does not overcome the totality of the circumstances indicating, at the inception, the good-faith undertaking of actual and regular employment for an indefinite period. Nor does the ultimate brevity transpose employment, indefinite at its inception, into the type of "temporary" employment which the Board and the Superior Court found ineffective here. It is recognized that the work of construction tradesmen "by necessity is temporary". E. I. duPont de-Nemours & Co., etc. v. Dale, Del.Supr., 271 A.2d 35, 38 (1970).

■ The Superior Court relied upon *Dale* and Gebhart v. Unemployment Insurance Appeal Board, etc., Del.Supr., 295 A.2d 731 (1972), in its consideration of the nature and duration of employment sufficient to remove a prior disqualification for unemployment benefits. Those cases involved a different provision of the Law: 19 Del.C. § 3315(4),* providing for disqualification for compensation benefits for unemployment due to a labor dispute. In such cases, as is restated in both *Dale* and *Gebhart*, an underlying policy of the Law is that the unemployment fund "shall not

---

* 19 Del.C. § 3315 provides in pertinent part:
"§ 3315. Disqualification for benefits
"An individual shall be disqualified for benefits—
"(1) For the period of unemployment next ensuing after he has left his work voluntarily without good cause attributable to such work. * * *.

* * * * *
"(4) For any week with respect to which the Commission finds that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed;"

be used to finance labor disputes." Conceivably, the tests for bona fides may differ in a § 3315(1) case as compared with a § 3315(4) case. For this reason, the duration of succeeding employment may have different consequences in the two types of cases when measuring "temporary" employment against "regular" or "permanent" employment. But one test is common to both: the "succeeding employment must be assumed with the intention to remain as permanently as the job allows." duPont v. Dale, 271 A.2d at 38. In the instant case, concededly, that test was met. It follows, in our opinion, that it was error to conclude that the succeeding employment was "temporary", its no-fault short duration notwithstanding.

The employer refers to Wilmington Country Club v. Unemployment Insurance Appeal Board and Lacey, Del.Supr., 301 A.2d 289 (1973), contending that, thereunder, this employee must be deemed to have voluntarily left the succeeding employment because of its inherently temporary nature. *Lacey* involved a casual, stand-by, part-time employee, not a construction tradesman, who earned a total of $77, over a period of a year. Manifestly, *Lacey* is inapposite.

For the reasons stated, the judgment below must be reversed and the cause remanded for further proceedings consistent herewith.