Anthony Adams AIA Architect (Adams/Guillot Architects, Ltd., Successor Employer) v. Department of Employment Security

[430 A.2d 446]

No. 159-80

Present: Larrow, Billings, Hill and Underwood, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed April 7, 1981

*Sheehey & Brue,* Burlington, for Plaintiff.

*Matthew R. Gould,* Montpelier, for Defendant.

**Billings, J.** This is an appeal by the plaintiff-appellant from a decision of the Vermont Employment Security Board holding

that a former employee of the plaintiff was entitled to unemployment benefits, and that the benefits were properly charged against the experience-rating record of the plaintiff-employer. 21 V.S.A. § 1325(a). The plaintiff and the employee involved here agreed at the time of hiring that it would be for a temporary assignment of four to six weeks. The employee actually worked for six weeks, earning $1,781.25, after which the job was completed and the work terminated. Plaintiff claims that because the hiring agreement was for a specific length of time, at the end of that time the employee left voluntarily and without good cause attributable to the employer, 21 V.S.A. § 1344(a)(2)(A), and, therefore, that any benefits paid to him after the expiration of the disqualification period should be charged against the unemployment compensation fund and not against the experience-rating record of the employer.

██ Unemployment legislation is remedial in nature and entitled to a liberal construction and interpretation. *In re Moore*, 128 Vt. 581, 586, 269 A.2d 853, 856 (1970). The underlying purposes are to remove economic disabilities and distress resulting from involuntary unemployment, *In re Potvin*, 132 Vt. 14, 17, 313 A.2d 25, 27 (1973), and to assist those workers who become jobless for reasons beyond their control. *Schneider* v. *Vermont Employment Security Board*, 133 Vt. 187, 189, 333 A.2d 104, 105 (1975).

██ The question of whether a person hired for a specific term voluntarily leaves at the end of that term so as to disqualify him from unemployment benefits is one of first impression before this Court. This issue has been addressed in several other jurisdictions, however. These cases have generally held that an employee who accepts a temporary position does not leave that position voluntarily at the end of the agreed period. *State Department of Industrial Relations* v. *Montgomery Baptist Hospital, Inc.*, 359 So. 2d 410 (Ala. Civ. App. 1978); *Cervantes* v. *Administrator, Unemployment Compensation Act*, 177 Conn. 132, 411 A.2d 921 (1979); *Kentucky Unemployment Insurance Commission* v. *American National Bank & Trust Co.*, 367 S.W.2d 260 (Ky. 1963). See also *Campbell Soup Co.* v. *Board of Review*, 13 N.J. 431, 100 A.2d 287 (1953). We agree with this view. At the end of the six weeks worked by the employee in this case, the job for him simply

ceased to exist. He did not have the option of continuing to work. The claimant became unemployed because of a lack of work, not because he voluntarily left his position.

The plaintiff relies on *Wilmington Country Club* v. *Unemployment Insurance Appeal Board*, 301 A.2d 289 (Del. 1973). This case did hold that an employee who leaves work at the end of an agreed term of employment does so voluntarily, but it is apparently the only case to have reached this result. Furthermore, the factual situation was significantly different from that of the case before us. In that case the claimant was a bartender who had been employed by the appellant on several occasions over the period of a year, earning a total of $77. *Id.* at 290. The Delaware court may well have been concerned with the unfairness of charging the employer's account for such irregular and limited employment. In Vermont, however, such limited employment would not be charged to an employer's experience-rating record. Under 21 V.S.A. § 1325(a) a claimant's benefits are not charged to an employer unless that employer has paid the claimant at least $695. Through this section Vermont has indicated what constitutes temporary employment, and when employers are relieved of benefit charges.

Two other considerations support this result. First, as the appellant points out, the legislature has excluded professional school and college employees from benefits for any week between sessions and during paid sabbatical leave. 21 V.S.A. § 1343(c) and (d). We believe, however, that this statute supports the position of the Department. If the appellant's view of 21 V.S.A. § 1344(a)(2)(A) were correct, these employees would be considered voluntarily unemployed during these periods, and legislation specifically excluding them from benefits would be unnecessary. The other consideration is that the result urged by the appellant would exclude from benefits almost all seasonal workers. These workers have always been considered eligible for benefits under Vermont's unemployment compensation laws. If the legislature had intended that these workers not be eligible for benefits, it could easily have excluded them with specific language. As unemployment compensation is remedial legislation, "no person shall be excluded from its benefits unless the law

demonstrates an intent to make such exclusion." *In re Potvin, supra,* 132 Vt. at 18, 313 A.2d at 27. We find no such intent here.

The claimant was entitled to unemployment benefits, and they were properly chargeable against the experience-rating record of the plaintiff-employer. The decision of the Vermont Employment Security Board was without error.

*Affirmed.*