ROBERT S. CALKINS, Appellee, v. THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Appellants (Shirley Gardner, Defendant).

Third District No. 3—85—0294

Opinion filed February 20, 1986.—Rehearing denied March 21, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Edward M. Kay, Assistant Attorney General, of Chicago, of counsel), for appellant.

Robert S. Calkins, of East Peoria, for appellee, *pro se.*

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Robert S. Calkins, is an attorney in Peoria practicing as a sole practitioner. He utilizes the services of one part-time secretary, namely, Ms. Friess. Due to personal matters requiring her attention, Ms. Friess took a leave of absence during the period of February 1983 through May 1983. During this time span, the plaintiff arranged for Shirley Gardner, the claimant, to fill in for Ms. Friess during the latter's absence. The claimant worked for the plaintiff five days in February and March of 1983 and two days per week for six weeks in April and May of the same year.

Upon Friess' return from her leave of absence, the claimant was no longer employed by the plaintiff since Ms. Friess resumed her employment.

Following her departure from plaintiff's employment, claimant filed a claim for unemployment benefits. The plaintiff protested this claim in correspondence to the claim adjudicator and continued this protest at every stage of the procedure providing for determination of unemployment compensation claims. The plaintiff's position, which he stated in correspondence to the adjudicator and which he at all times adhered to, is as follows:

"The facts of this case have been reported to you in the past, and will be briefly restated at this time. My staff consists of one part-time legal secretary. Probably I am the least of the small employers in the State of Illinois. My part-time secretary took a short compassionate leave of absence to take care of urgent family business. Because I had known Mrs. Gardner and the excellent quality of her work for some years, she was asked to help out during the few weeks my regular part-time secretary was gone. This she was glad to do, and Mrs. Gardner did fill in on that basis until the permanent secretary returned. Shirley knew that she was only going to be working a few weeks during the temporary absence of the regular secretary. *Shirley did not want any additional work or any employment beyond the fill in work which she agreed to do.*

Consequently, when Mrs. Gardner left the office upon the return of the regular secretary, it is inconceivable to me that her unemployment could be attributed to 'lack of work,' or any kind of involuntary unemployment for which she could be compensated." (Emphasis added.)

The claims adjudicator ruled that the plaintiff's protest was insufficient and that being a temporary employee did not bar the claimant from receiving benefits. Plaintiff next appealed and requested a hear-

ing before a referee of the Department of Employment Security. A hearing was held concerning the question as to whether the plaintiff's protest presented facts which supported a finding that claimant was disqualified from receiving benefits. It was at this stage that the referee held that plaintiff should not be a party to the proceedings. The claimant did not appear at the referee's hearing. The decision of the referee affirmed that of the claims adjudicator on the grounds that a person hired for part-time work or temporary work is not disqualifying and that the claimant was laid off by the plaintiff because of lack of work.

The plaintiff next appealed this decision to the Board of Review, which affirmed the referee's decision. On August 31, 1984, plaintiff filed his complaint for judicial review of the decision of the Board of Review. After arguments by the parties, the circuit court of Peoria County held that claimant was ineligible to receive unemployment benefits because she voluntarily left her employment with the plaintiff as per an agreement she made when she agreed to work part time for him. The pertinent provision of the circuit court's order is as follows:

"The employer/plaintiff hired the defendant/employee Shirley Gardner as a replacement secretary while his regular secretary was on vacation; said employment agreement was knowingly entered into by the defendant/employee with the understanding that she would only be working for a short period of time in the absence of the regular secretary of the employer. She was not laid off because the employer lacked further work for her, but rather her employment terminated by reason of the voluntary agreement entered into between plaintiff and defendant Shirley Gardner."

The circuit court, having reversed the Board's decision, ordered the Department of Employment Secretary to expunge any benefit wages on plaintiff's experience rating record by reason of claimant's claim. From this judgment of reversal the Department perfected this appeal.

The sole issue presented by the Department for determination is whether plaintiff's protest was insufficient to disqualify the claimant from receiving benefits. The Department, in attacking the plaintiff's protest, relies on section 601A of the Illinois Unemployment Insurance Act, which provides:

"An individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks

which are either for services in employment, or have been or will be reported pursuant to the provisions of the Federal Insurance Contributions Act by each employing unit for which such services are performed and which submits a statement certifying to that fact." (Ill. Rev. Stat. 1983, ch. 48, par. 431(A).)

The Department stresses that the key or pivotal word in section 601(A) is "voluntarily." It is the Department's contention that the protest filed by the plaintiff cannot be interpreted so as to support a determination that the claimant voluntarily left the plaintiff's employment. The Department argues that the fact that claimant knowingly accepted temporary employment does not make the party's departure or severance from that employment at a specified period of time a voluntary departure so as to preclude the receiving of unemployment benefits. The Department presents to this court a number of citations both from the State of Illinois and foreign jurisdictions; however, we find none of them to be of sufficient applicability to the facts in the instant case. In its reply brief, the Department urges this court to follow the decision in *Kartridg-Pak Co. v. Johnston* (1963), 28 Ill. 2d 616, 192 N.E.2d 867, since it will provide this court with guidance in deciding the issue presented in the instant case. If such were true, the case would be gratefully received; however, examination of the *Kartridg-Pak* case discloses that it pertains to a refusal-to-work question which is governed by section 603 of the Unemployment Insurance Act.

We agree with the Department that we have before us a case of first impression in the State of Illinois concerning the construction and application of section 601(A) if said section is applicable to the facts in the instant case.

After examining the cases cited in the briefs of both parties, this court concludes that there is no hard and fast rule applicable to all situations where temporary employment is involved. There are cases where unemployment benefits are allowed to seasonal workers, to workers who know that their employment is to terminate when a certain project is completed, and to workers who are hired temporarily, but their period of employment spans a lengthy period of time. In regard to the latter, where recovery was permitted the span of time far exceeded that present in the instant case. (*Kentucky Unemployment Insurance Com. v. American National Bank & Trust Co.* (Ky. 1963), 367 S.W.2d 260; *Intermountain Jewish News, Inc. v. Industrial Com.* (Colo. App. 1977), 564 P.2d 132; *State Department of Industrial Relations v. Montgomery Baptist Hospital, Inc.* (Ala. Civ. App. 1978), 359

So. 2d 410; *Loftis v. Legionville School Safety Patrol Training Center, Inc.* (Minn. 1980), 297 N.W.2d 237.) In the latter case the period of employment was as a cook during the summer for 11 weeks with a training center; however, when the training was completed the employer entity ceased to exist.

In the instant case the adjudicator, the referee, the Board of Review and the circuit court of Peoria County all relied on the plaintiff's protest as expressing the true and correct factual situation. That protest was first sent to the adjudicator, and we have heretofore set forth the same in this opinion. The pertinent portion of the protest is as follows:

> "*** Shirley knew that she was only going to be working a few weeks during the temporary absence of the regular secretary. *Shirley did not want any additional work or any employment beyond the fill in work which she agreed to do.*" (Emphasis added.)

The circuit court construed the above language as an agreement between the claimant and the plaintiff made at the inception of her part-time employment wherein she agreed to be laid off when the regular secretary returned to work. The Department argues that such an agreement cannot be raised by the plaintiff since it is void pursuant to section 1300 of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 540).

We harbor doubts whether the statutory provision cited by the Department envisioned or was meant to enforce an agreement such as the circuit court found to exist in the instant case. In fact, a serious question is presented as to whether the Department in this appeal can now argue the voidness of any agreement pursuant to section 1300, since this question was never raised before the circuit court of Peoria County. It is raised, and we believe erroneously so, for the first time in this appeal.

We quarrel not with the decision of the circuit court of Peoria County. However, we are of the opinion that the decision is buttressed by another factor. As previously stated, throughout this proceeding the Department has accepted as factual the material set forth in the plaintiff's protest which, *inter alia*, stated, "*** Shirley [claimant] did not want any additional work or any employment beyond the fill in work which she agreed to do." This statement in the plaintiff's protest has not been contravened. From the record it appears that the claimant did not appear at the various hearings and deny this recitation of facts made in the plaintiff's protest. We certainly will not constitute the claimant's application for benefits as a contravention, since

in the application she asks for unemployment benefits, not employment. An unrefuted statement that the claimant did not desire any more work than she anticipated performing for the plaintiff serves to effectively bar her claim for unemployment benefits.

The plaintiff in his brief requests an award of attorney fees and reimbursement of costs on the grounds that the Department's appeal is frivolous. This request we deny. The question presented for determination is a novel one and could rightly be expected to arrive in this court.

For the reasons set forth, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HEIPLE, P.J., and WOMBACHER, J., concur.