**WRIGHT & EDWARDS, a general partnership, Appellee,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellant,**

Board of Review for the Oklahoma Employment Security Commission and Talva Hicks, Appellees before the District Court.

No. 83812.

Supreme Court of Oklahoma.

March 11, 1997.

Cara S. Nicklas, Oklahoma Employment Security Commission, Oklahoma City, for Appellant.

F.H. Wright, Wright & Edwards, Oklahoma City, for Appellee.

HARGRAVE, Justice.

The issues presented are: a) whether the Oklahoma Employment Security Commission has standing to appeal from a decision of the district court sitting in review of a decision by the Board of Review, and b) whether a secretary hired to fill-in during the three-month pregnancy leave of another secretary is entitled to unemployment benefits when the regular secretary returns to work as scheduled. The district court overturned the Board of Review's determination that the temporary employee was entitled to benefits. The Court of Civil Appeals found that the Commission did not have standing to appeal. We granted petitioner's writ of certiorari and now hold that the Oklahoma Employment Security Commission has standing to appeal, and affirm the district court.

Wright & Edwards, a general partnership, is a law firm. When their secretary was about to depart for a three-month maternity leave, Talva Hicks, who previously had worked for Edwards at another law firm, was hired to work the three-months that the regular secretary would be gone. The regular secretary returned as scheduled at the end of the three-month period and Ms. Hicks left as agreed. Ms. Hicks then filed for unemployment compensation. The Oklahoma Employment Security Commission found that Ms. Hicks had been discharged not due to misconduct and ordered payment of benefits to Ms. Hicks. On appeal to the appeal tribunal of the Commission, the hearing officer found that claimant did not voluntarily quit her job nor was she discharged for misconduct. The hearing officer found that claimant became unemployed when her temporary job ended. The Board of Review affirmed.

Wright & Edwards appealed to the district court of McClain county and, on summary appeal, the district judge ruled that Ms. Hicks was not entitled to benefits because she voluntarily left the job. The Oklahoma Employment Security Commission appealed to this Court and Wright & Edwards argued that the Commission had no standing to appeal. The Court of Civil Appeals so found and we granted petitioner's writ for certiorari.

■ Appellant Wright & Edwards moved to dismiss the appeal, arguing that because neither the employer nor the employee appealed the decision of the district court, the Commission could not bring an appeal in its own name. The Commission is not aggrieved, they argue, because no pecuniary interest of the Commission has been injured. They assert that Hicks' failure to appeal in her own behalf means that she acquiesced in the district court's determination that she left the job voluntarily and that the Commission cannot appeal in her absence.

Title 40 O.S.1991 § 2–610 specifically provides that the Commission, or any party to the proceedings before the Board of Review, may obtain judicial review in district court. In such petition for review, all other parties to the proceeding before the Board of Review and the Commission shall be made co-defendants. It further provides that such proceedings shall be heard in a summary manner, and shall be given precedence over all other civil cases. Paragraph (3) provides that an appeal may be taken from the decision of the district court to the Supreme Court, in the same manner as is provided in other civil cases.

Title 40 O.S.1991 § 2–611 specifically provides that the Commission shall be a party to, and entitled to notice in, any proceeding involving a claim for benefits before a referee or the Board of Review. In any proceeding for judicial review the Commission may be represented by any attorney employed by the Commission or designated by it for that purpose, or at the Commission's request, by the Attorney General.

Clearly, under the statutory language, the Commission is a party to the proceedings and is entitled to appeal. The statute states that in *any* proceeding for judicial review the Commission may be represented by an attor-

**1090**

ney; this would be unnecessary if the Commission were not an active party in the appeal. Section 2–610 specifically makes the Commission a party defendant to any appeal from the Board of Review, then specifically provides that appeals may be taken from the district court as in any other civil appeal. The Commission points out in its certiorari petition that unemployed claimants often do not have the financial resources to continue throughout the appellate process and most have received their benefits by the time the appeal reaches the district court level.

We have had numerous appeals in which the Commission was a real party in interest, and some in which the Commission was the appellant. *See, Okla. Employment Security Commission v. Board of Review,* 914 P.2d 1083 (Okla.App.1996). *See also, Uniroyal Goodrich Tire Co. v. Okla. Employment Security Commission,* 913 P.2d 1377 (Okla.App. 1996). We held, in *Oklahoma Employment Security Commission v. Carter,* 903 P.2d 868 (Okla.1995), that the requirement that the Commission be named a party to the proceedings on appeal was jurisdictional, and that failure to do so on appeal to the district court was fatal. In that case, the Oklahoma Employment Security Commission had denied benefits and the appeal to district court did not name the Commission as a party to the appeal. We find that under the provisions of 40 O.S.1991 § 2–610 and § 2–611, the Commission had standing to bring the appeal in the case at bar.

■ As to the merits of the appeal, the trial judge, W. Dean Hart, Jr. found that the findings of fact of the Board of Review were not supported by the evidence. The district judge found that the evidence clearly showed that the employee intended to voluntarily separate and terminate her service. The district court found that the decision of the Board of Review was erroneous as a matter of law in the application of 40 O.S. § 2–404 and misapplication of 40 O.S. § 2–406 under the facts of the case. Those sections deal with voluntarily leaving work. The district court reversed the Board of Review.

The statement of facts as set out by the Commission's hearing officer, who ruled against the employer, establishes the correct-

ness of the district court's ruling denying benefits. The hearing officer stated the following facts:

"The claimant worked for the employer approximately three months. She was hired on a temporary basis to replace an employee who was going on maternity leave. It was understood at the time of hire the claimant would be allowed to use the employer's equipment to prepare her resumes and to interview for other jobs during the work day. It was further understood the claimant's job would end when the employee on maternity leave returned to work. That employee returned to work on Monday, February 15, 1993 and the claimant's last day of work was Friday, February 12, 1993. The employer had no work available for the claimant after the other employee returned."

The stated facts establish that the claimant was hired only as a temporary fill-in for a regular employee on leave, and that her intention was to seek permanent employment elsewhere.

The statutory provisions dealing with voluntarily leaving employment are: Title 40 O.S.1991 § 2–404:

An individual shall be disqualified for benefits for leaving his last work voluntarily without good cause connected to the work, if so found by the Commission.... Good cause shall include but not be limited to unfair treatment of the employee or the creating of unusually difficult working conditions by the employer.

§ 2–405 provides:

Good cause for voluntarily leaving work under Section 2–404 may include, among other factors, a job working condition that had changed to such a degree it was so harmful, detrimental, or adverse to the individual's health, safety, or morals, that leaving such work was justified or if the claimant, pursuant to an option provided under a collective bargaining agreement or written employer plan which permits waiver of his right to retain the employment when there is a temporary layoff because of lack of work, has elected to be separated for a temporary period and the employer has consented thereto.

The hearing officer for the Commission found, in essence, that because there was not work for Ms. Hicks when the regular secretary returned, she must have been discharged due to lack of work. The Commission, and the Board of Review, apparently did not consider it possible for an employee to leave voluntarily under such circumstances. The statute provides that an employee who leaves voluntarily is not entitled to benefits unless there was good cause, connected with the work, for leaving. We find that the claimant left voluntarily because she had agreed to work only during the pregnancy leave of a regular employee and no longer.

In the case at bar, the uncontradicted evidence showed that the claimant was hired merely to fill a three-month slot created by the pregnancy leave of a regular employee. During the telephone hearing conducted before the hearing officer for the Oklahoma Employment Security Commission, Mr. Wright testified that Ms. Hicks was hired on a temporary three-month basis, to fill-in for the regular secretary who was out on maternity leave. He testified that claimant had previously informed Ms. Edwards that she would not be able to accept any job that did not include health insurance benefits. It was agreed that claimant would work for Wright and Edwards temporarily during Ms. Berry's maternity leave on the special conditions that claimant could actively pursue her job search, using Wright & Edwards equipment, and could leave at any time for job interviews.

The claimant did not controvert this testimony. Ms. Hicks testified, in response to Mr. Wright's testimony:

"No, the only thing ... I agree with everything he says, I was hired on a temporary basis, I knew that the position would be ending as soon as Melissa came back from maternity leave.... I was never offered a full time position, ... benefits are not ... that's pretty much irrelevant. ... everything he says is true."

Ms. Hicks went on to testify in her narrative of events that:

"Well I I (sic) pretty much agree with everything Mr. Wright says, ... I was allowed the opportunity to seek full time, permanent employment while I was in dur-ing the temporary employment at Wright and Edwards.... it was agreed at the time I was hired that ... as soon as Melissa's maternity leave ended that my services would no longer be needed. And I understood that. And ... of course ... at the time I'd hoped that I would have a full time permanent position, by the time Melissa came back but it hadn't worked out that way.... nothing was every (sic) said to me as far I know, there was not any position available for anyone at the time I left the law firm. There are two attorneys, two secretaries, and one receptionist, and those positions were all filled. And thats (sic) that's it."

The claimant's own testimony establishes that she was hired only to fill-in during the pregnancy leave of the regular secretary and did not expect to remain employed with Wright & Edwards. She does not contradict testimony that she did not desire to be employed by Wright & Edwards because they did not provide health insurance benefits. The Commission erred in awarding benefits in this case and the district court so found.

Some courts in other jurisdictions have stated as a rule that an employee who accepts a job that he knows in advance to be temporary does not voluntarily leave when the job ceases to exist. *Adams v. Dept. of Employment Security,* 139 Vt. 413, 430 A.2d 446 (1981). The Vermont court later qualified this statement, in *Lincoln v. Dept. of Employment and Training, et. al,* 156 Vt. 316, 592 A.2d 885, 888 (1991):

"We now hold that an employee who accepts a temporary position does not leave that position involuntarily at the end of the agreed period if it is shown that the employee requested temporary employment in light of his or her needs or availability."

Illustrative of the kind of temporary employment for which the rule was formulated is *Kentucky Unemployment Insurance Commission v. American National Bank & Trust Co.,* 367 S.W.2d 260 (Ky.1963). A bank, while undergoing extensive remodeling at its permanent location, moved into a temporary location and hired a temporary security guard to patrol at that location. When the bank moved back to its original building, the security guard was no longer needed. The commission held that the reason for the

termination was lack of work and awarded benefits.

The case at bar is different. Ms. Hicks accepted a "substitute" position; that is, she was hired as a substitute, to fill-in for a worker who was on three-month leave. She was not hired in a temporary position that ended because of lack of work or unavailability of work, as in *Kentucky Unemployment Insurance Comm'n v. American National Bank, supra*. In that case, the *position* ended due to lack of work. In this case, Ms. Hicks left when the person for whom she had substituted returned to fill the position.

The Illinois Court of Appeals recognized a difference between a substitute, or replacement employee and an employee hired for a temporary position, in *Calkins v. Board of Review of Dept. of Employment Security*, 141 Ill.App.3d 36, 95 Ill.Dec. 358, 489 N.E.2d 920 (1986) There, under facts almost identical to those in the case at bar, a secretary was hired by a sole-practitioner to fill-in for his secretary who was on emergency leave. It was unrefuted that the claimant had not sought any work from the law firm other than the temporary work offered while the lawyer's regular secretary was on personal leave for two months.

In that case, the commission and the board of review allowed benefits to claimant. On appeal, the county circuit court reversed, holding that the claimant was ineligible to receive benefits, because:

> "The employer/plaintiff hired the defendant/employee Shirley Gardner as a replacement secretary while his regular secretary was on vacation; said employment agreement was knowingly entered into by the defendant/employee with the understanding that she would only be working for a short period of time in the absence of the regular secretary of the employer. She was not laid off because the employer lacked further work for her, but rather her employment terminated by reason of the voluntary agreement entered into between plaintiff and defendant Shirley Gardner." 95 Ill.Dec. at 360, 489 N.E.2d at 922.

The Illinois Court of Appeals affirmed, noting that there is no hard and fast rule applicable to all situations where temporary employment is involved, citing numerous cases from other jurisdictions involving seasonal employees and other temporary employees. The court strongly felt that because the claimant did not desire any additional employment beyond the "fill-in" work she agreed to do, effectively barred her claim for unemployment benefits.

In the case at bar it is unrefuted that the claimant did not seek permanent employment with Wright & Edwards. Claimant had previously made it clear that she could not work unless health insurance was offered. Wright & Edwards had made clear that they did not offer health insurance, but they offered to let claimant fill-in for their secretary who was on leave, and to continue her search for permanent employment while filling-in at their offices. We cannot find that claimant left this particular employment other than voluntarily.

We stated, in *Oklahoma Employment Security Commission v. Sanders*, 272 P.2d 379 (Okla.1954), that the function of the employment security commission is to weigh the evidence on matters properly before it and make findings thereon, and where such findings are supported by substantial evidence or are not clearly erroneous, they must be accepted, but that the Commission may not arbitrarily discredit and disregard unimpeached competent and relevant testimony that is uncontradicted. It is clear from the uncontroverted evidence in the case at bar that the position was a temporary one and that the temporary employee left voluntarily, just as she had come voluntarily for a three-month term. We agree with the district court that the Commission erred in awarding benefits to Ms. Hicks under the circumstances of this case.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; ORDER OF THE DISTRICT COURT AFFIRMED.**

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA, ALMA WILSON and WATT, JJ., concur.

SIMMS, J., concurs in result.